**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL HICKSON,                     :
                                     :
                                     :
                        Plaintiff    :
                                     :    No. 2:25-CV-02980
            v.                       :
                                     :
PECO ENERGY COMPANY, *et al.*        :
                        Defendants   :

## <u>ORDER</u>

**AND NOW**, this_____day of_____, 2025, upon consideration of the Commonwealth Defendants' Motion to Dismiss Plaintiff's Complaint, it is hereby **ORDERED** that the Motion is **GRANTED**. Plaintiff's claims against Commonwealth Defendants, the Pennsylvania Public Utility Commission, Gladys Brown Dutrieville, former Governor Wolf, and Governor Josh Shapiro, are DISMISSED, with prejudice.

**BY THE COURT:**

_____
**Gerald A. McHugh, J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL HICKSON, | : |
| | : |
| | : |
| Plaintiff | : |
| | :    No. 2:25-CV-02980 |
| v. | : |
| | : |
| PECO ENERGY COMPANY, *et al.* | : |
| Defendants | : |

**COMMONWEALTH DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT**

Defendants, the Pennsylvania Public Utility Commission, Gladys Brown Dutrieville, former Governor Wolf, and Governor Josh Shapiro (collectively, the "Commonwealth Defendants"), by and through counsel, hereby move the Court to dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6). The reasons for this Motion are stated in the accompanying memorandum of law.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

Date: October 3, 2025             By:    */s/ Adrienne M. Box*

                                             Adrienne M. Box
Office of Attorney General             Deputy Attorney General
1600 Arch Street, Suite 300             Attorney I.D. No. 325818
Philadelphia, PA 19103
Phone: (267) 768-3958             Nicole R. DiTomo
abox@attorneygeneral.gov             Chief Deputy Attorney General
                                             Civil Litigation Section

                                             *Counsel for Commonwealth Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL HICKSON,              :

                                       :

                                       :

                     Plaintiff  :

                                       :     No. 2:25-CV-02980

                 v.                :

                                       :

PECO ENERGY COMPANY, *et al.*   :

                   Defendants  :

## MEMORANDUM OF LAW IN SUPPORT OF THE COMMONWEALTH DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Commonwealth Defendants, by undersigned counsel, respectfully submit this memorandum of law in support of Commonwealth Defendants' Motion to Dismiss Plaintiff's Complaint against Commonwealth Defendants pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6).

## I.    INTRODUCTION

Commonwealth Defendants move to dismiss Plaintiff's claims against them for failing to plead a cognizable cause of action against the Commonwealth Defendants. Plaintiff's Section 1983 claims against the Commonwealth Defendants fail because the claims are barred by Eleventh Amendment immunity, the Commonwealth Defendants are not "person[s]" amenable to suit for purposes of a damages claim under Section 1983, and Plaintiff fails to establish the requisite personal involvement of the Commonwealth Defendants to successfully plead individual capacity claims against them.

## II.    PROCEDURAL AND RELEVANT FACTUAL BACKGROUND

Plaintiff Michael Hickson, who is proceeding *pro se*, commenced this civil action by filing his Complaint on June 9, 2025 against multiple defendants: PECO Energy Company; Exelon

Corporation; Natural Lands; Exelon Foundation; the Rock Creek Group; Patrick Noonan; former Mayor Jim Kenney and his successor; and the Commonwealth Defendants, which include the Pennsylvania Public Utility Commission ("PUC"), former Chairperson and Commissioner of the PUC, Gladys Brown Dutrieville[1], former Governor Wolf and his successor, Governor Josh Shapiro. ECF No. 1, ¶ 2-11. Although Plaintiff does not specify which claims are asserted against the defendants in his Complaint, it appears Plaintiff is only asserting a 42 U.S.C. § 1983 claim against the Commonwealth Defendants by alleging their "actions in permitting and facilitating PECO's contract violations and privacy breaches constitute violations of Plaintiff's civil rights." *Id.* at ¶ 63. After all defendants requested extensions of time to respond to Plaintiff's Complaint, this Honorable Court graciously granted these requests and ordered all defendants to respond by and through October 3, 2025. ECF Nos. 14-15, 18.

Plaintiff alleges he entered into a contract with PECO for electric utility services on February 14, 2022, however, it failed to disclose the full terms and conditions of the contract. *Id.* at ¶ 12-13. Around February 15, 2022, Plaintiff alleges that he received an enrollment letter from PECO's Customer Assistance Program requesting additional information regarding eligibility, which he claims he provided around March 23, 2022. *Id.* at ¶ 19-20. Plaintiff claims he owed PECO $1,077.82 for electric service, due June 3, 2022, and received a 72-hour shutoff notice around May 24, 2022 despite Plaintiff's participation in the Customer Assistance Program. *Id.* at ¶ 31-33. Plaintiff asserts that PECO, through its parent company, Exelon, and its affiliated entities, "diverts substantial customer-funded resources to various nonprofit organizations and programs

---

[1] Commonwealth Defendants ask the Court to take judicial notice that Ms. Gladys Brown Dutrieville is the former Chairperson of the PUC and no longer holds this position. *See* PAPUC Commissioners, *Stephen M. DeFrank, Chairman*, https://www.puc.pa.gov/about-the-puc/commissioners/stephen-m-defrank/#:~:text=Chairman-,Stephen%20M.,as%20Chairman%20of%20the%20Commission (last visited Oct. 1, 2025).

that fail to directly benefits PECO's customer base, particularly senior citizens and low-income customers experiencing service shutoffs." *Id.* at ¶ 25. Plaintiff alleges that Defendant Wolf and Kenny and his successors have, "in their official capacities. . . provided or approved public funding and support to PECO and its nonprofit partners while failing to adequately protect their constituents from utility shutoffs and contract misrepresentations." *Id.* at ¶ 30.

## III.    ARGUMENT

### A.  Applicable Standard of Review

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The pleading must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although, for the purposes of a motion to dismiss, a court must accept all well-pleaded factual allegations included within the complaint as true, that requirement is inapplicable to legal conclusions; the pleadings must include factual allegations to support the legal claims asserted.

*Iqbal*, 556 U.S. at 684; *see Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010). Neither must a court accept "inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint." *Doe v. Pa. DOC*, 2021 WL 1583556, at *6 (W.D. Pa. Feb. 19, 2021) (citing *Cal. Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 677-79. Pleadings are not just to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

Further, when a plaintiff brings suit against state agencies and state officials in their official capacities in federal court, it is necessary to examine whether the action is barred by Eleventh Amendment immunity. A motion under Fed. R. Civ. P. 12(b)(1) is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)) (Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction). "An actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case." *Tagayun v. Stolzenberg*, 239 Fed. Appx. 708, 710 (3d Cir. 2007). Where the court lacks subject matter jurisdiction due to Eleventh Amendment immunity, the lack of a "justiciable controversy," or a similar facial defect, courts "are obligated not to decide constitutional questions unless necessary." *Kohn v. Sch. Dist. of City of Harrisburg*, 817 F.Supp.2d 487, 513 (M.D. Pa. 2011) (citing *New Directions Treatment Serv. v. City of Reading,* 490 F.3d 293, 301 n.5 (3d Cir. 2007)).

**B. Eleventh Amendment Immunity Bars Plaintiff's Claims Against Commonwealth Defendants**

Plaintiff's Section 1983 claim against all Commonwealth Defendants, in which he is suing Defendants Brown Dutrieville, Wolf, and Shapiro in their official capacities and also the PUC, a

Commonwealth agency, is barred under the Eleventh Amendment to the U.S. Constitution. ECF No. 1, ¶ 8-10. This is because, absent consent by the state, the Eleventh Amendment bars federal subject matter jurisdiction of suits by private parties against states, state agencies, and state officials in their official capacities. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-70 (1997); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996); *Pennhurst*, 465 U.S. at 100-01, n.11 ("The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." (citation and quotations omitted)); *see also Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd*, 502 U.S. 21, 31 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) for the proposition that the Eleventh Amendment "also bars a suit against state officials in their official capacity, because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury."); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) ("Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state") (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

Eleventh Amendment immunity "is designed to preserve the delicate and 'proper balance between the supremacy of federal law and the separate sovereignty of the States.'" *Id.* (quoting *Alden v. Maine*, 527 U.S. 706, 757 (1999)). This immunity bars suits against the states and state agencies "regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Although states may waive immunity, Pennsylvania has expressly withheld its consent to be sued. *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (citing 42 Pa. C.S. § 8521(b)). A claim against a state government official, in his or her official

capacity, is "no different from a suit against the State itself" because it "is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

As Plaintiff is suing Defendants Wolf, Shapiro, and Brown Dutrieville in their official capacities for their respective positions, these claims all fail because they are barred by Eleventh Amendment immunity. *See* ECF No. 1, ¶ 9-10; *Betts*, 621 F.3d at 254. Defendant Wolf, as former Governor of the Commonwealth of Pennsylvania, and his successor, Defendant Governor Shapiro, are both being sued as state officials in their official capacities serving as Governor and thus, are protected by Eleventh Amendment immunity from suit. *See Ulrich v. Corbett*, 614 Fed.Appx. 572, 573-74 (3d Cir. 2015) (finding Eleventh Amendment immunity applies to official capacity claims against former Pennsylvania Governors Corbett and Ridge). Defendant Brown Dutrieville is also being sued in her official capacity as Commissioner and Chairperson of the PUC. *See* ECF No. 1, ¶ 9. Because she is being sued for her position with the PUC,  Defendant Brown Dutrieville is similarly entitled to Eleventh Amendment immunity. *See Betts*, 621 F.3d at 254.

Furthermore, Plaintiff's claim against the PUC, which he describes as a "regulatory agency of the Commonwealth of Pennsylvania," is also barred by Eleventh Amendment immunity as the PUC is a Commonwealth agency. *See* ECF No. 1, ¶ 8; *Pa. Public Utility Commission v. Delaware Valley Regional Economic Development Fund*, 255 A.3d 602, 615 (Pa. Cmwlth. 2021) (finding the PUC to be a Commonwealth agency for purposes of sovereign immunity); *Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 146.

For these reasons, all official capacity claims against former Governor Wolf, Governor Shapiro, and former Chairperson Brown Dutrieville, and all claims against the PUC may not proceed and must be dismissed due to a lack of jurisdiction.

7

## C.  Plaintiff Has Not Sufficiently Alleged A Violation of 42 U.S.C. § 1983

Plaintiff's allegations do not sufficiently support any violations of Section 1983 against the Commonwealth Defendants.  In order to establish a Section 1983 claim, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Simonton v Tennis*, 437 Fed.Appx. 60, 61-62 (3d Cir. 2011) (citing *Nicini v Morra*, 212 F.3d 798, 806 (3d Cir. 2000)); 42 U.S.C. § 1983.

### 1.  Commonwealth Defendants Are Not A 'Person' Subject To Suit For Damages Under § 1983

Separate and apart from any issues of Eleventh Amendment immunity, to the extent Commonwealth Defendants have been sued in their official capacities or as a state agency for damages under 42 U.S.C. § 1983, the claims fail, as state employees in their official capacities and state agencies are not considered "person[s]" amenable to suit for purposes of a damages claim under § 1983.[2]  *Will*, 491 U.S. at 69-71, & n.10 ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Zelinski v. PA State Police*, 282 F.Supp.2d. 251, 264 n.14 (M.D. Pa. 2003), *aff'd in part, vacated in part on other grounds*, 108 Fed. Appx. 700 (3d Cir. 2004) (same).  Therefore, to the extent the Commonwealth Defendants are being sued in their official capacities and as a state agency for damages, these claims must be dismissed.

### 2.  Plaintiff's Claims Against Commonwealth Defendants Fail Because Plaintiff Does Not Allege the Requisite Personal Involvement

---

[2] 42 U.S.C. § 1983 provides a cause of action against any "<u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected" any person to the deprivation of any right protected by federal law or the United States Constitution (emphasis added).

Plaintiff is also suing former Governor Wolf, Governor Shapiro, and former Chairperson Brown Dutrieville in their individual capacities. ECF No. 1, ¶ 9-10. To sustain a claim under Section 1983, Plaintiff must aver personal involvement by each defendant in the alleged wrong. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A claim cannot be based on mere *respondeat superior* or vicarious liability. *Rode*, 845 F.2d at 1207. For **each** responsible person, a complaint must state the time, place, and particular conduct of each alleged wrongful act. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Specifically, liability under Section 1983 may be imposed on a government employee only if that employee has some personal involvement in the challenged wrongdoing. In such actions, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. … [E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 676-677 (2009); s*ee also Rode*, 845 F.2d at 1207. "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence," but such allegations "must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. Each defendant must have played an "affirmative part" in the complained-of misconduct. *Ashcroft*, 556 U.S. at 677.

Plaintiff lumps most defendants together in his Complaint, rendering it impossible to determine what claims he is alleging against any particular defendant. Generally, "a complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Agreste v. City of Phila*, 694 F.Supp. 117, 119 (E.D.Pa. 1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). However, "[w]hen it comes to complaints arising from civil rights statute . . . a higher degree of specificity has been required by the Third Circuit." *Id.* at 119-20. "Vague and conclusory allegations in a civil rights

9

complaint will not survive a motion to dismiss." *Id.* at 120 (citing *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)).

Where all defendants are "simply lumped together," a complaint fails to provide an underlying factual basis for the allegations brought against any one of the individual defendants and is not sufficient to state a claim. *Id.* (citing *Shirey v. Bensalem Township,* 501 F.Supp. 1138 (E.D.Pa.1980), *appeal dismissed,* 663 F.2d 472 (3d Cir.1981)). Furthermore, where – as in this case – claims under 42 U.S.C. § 1983 have been brought against multiple defendants, the specific conduct of each individual defendant must be analyzed separately. *See Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970) (holding a Section 1983 complaint "must portray specific conduct by state officials which violates some constitutional right of the complainant").

Here, Plaintiff makes no specific allegations against Defendant Brown Dutrieville within his Complaint. *See generally* ECF No. 1. Plaintiff simply lists Defendant Brown Dutrieville as a defendant and includes her in the caption in this matter, but fails to include any factual allegations against her, let alone any allegations with the required "appropriate particularity" for a Section 1983 claim. *See Rode*, 845 F.2d at 1207; ECF No. 1, ¶ 9. Plaintiff's Complaint is completely devoid of any allegations of how Defendant Brown Dutrieville violated Plaintiff's constitutional rights. Simply naming a defendant in a Complaint without any allegations as to how he or she was personally involved in the alleged violation of rights is insufficient to state a claim. *See Autery v. Moore,* No. 22-cv-4015, 2023 WL 2390670, at *5 (E.D. Pa. Mar. 7, 2023) (finding plaintiff did not state how the named defendants violated his rights aside from naming them as a defendant, warranting dismissal). Thus, any claims asserted against Defendant Brown Dutrieville must be dismissed.

Additionally, Plaintiff also fails to establish the requisite personal involvement for

Defendant Wolf and his successor, Governor Shapiro to successfully plead a Section 1983 claim against them in their individual capacities. The only factual allegations averred against Defendants Wolf and Shapiro are that they have, "in their official capacities[,] . . . provided or approved public funding and support to PECO and its nonprofit partners while failing to adequately protect their constituents from utility shutoffs and contract misrepresentations." ECF No. 1, ¶ 30. As Plaintiff asserts this allegation against Defendants Wolf and Shapiro in their official capacities, which also fails as a matter of law as discussed *supra*, and Plaintiff fails to include any other factual allegations against these defendants within his Complaint, this is insufficient to establish personal involvement to successfully plead a Section 1983 claim against Defendants Wolf and Shapiro in their individual capacities. *See Ashcroft*, 556 U.S. at 676-77. Therefore, the individual capacity claims against Defendants Wolf and Shapiro should also be dismissed.

To the extent Plaintiff is asserting supervisory liability against any of the Commonwealth Defendants for their positions, this theory also fails. There are two theories on how supervisory liability can attach: (1) individual defendants who are policymakers may be liable if it is demonstrated that such defendants, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm"; or (2) if the supervisor personally "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in a subordinate's unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citations omitted). Any claim of supervisor or policymaker liability fails here because the Complaint is completely devoid of allegations of any violation of Plaintiff's constitutional rights by the Commonwealth Defendants.

Because no personal involvement can be established for any of the Commonwealth

Defendants sued in their individual capacities in Plaintiff's Complaint, all claims against them must be dismissed.

## IV.    CONCLUSION

Based on the foregoing, Commonwealth Defendants respectfully request that all claims against them be dismissed with prejudice.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

Date: October 3, 2025

By:    */s/ Adrienne M. Box*
        Adrienne M. Box
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (267) 768-3958
abox@attorneygeneral.gov

Adrienne M. Box
Deputy Attorney General
Attorney I.D. No. 325818

Nicole R. DiTomo
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Commonwealth Defendants*

12

## <u>CERTIFICATE OF SERVICE</u>

I, Adrienne M. Box, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 3, 2025, the foregoing document titled Commonwealth Defendants' Motion to Dismiss has been filed electronically on this date and is available for viewing and downloading from the Court's Electronic Case Filing System ("ECF") for all counsel of record, and also has been mailed to the following via U.S. Mail:

Michael Hickson
6604 N. 12th St.
Philadelphia, PA 19126

                               */s/ Adrienne M. Box*
                               Adrienne M. Box
                               Deputy Attorney General