**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL HICKSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 25-2980** |
| | : | |
| **PECO ENERGY COMPANY, et al.** | : | |
| **Defendants.** | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 20___, upon consideration of

Defendants Jim Kenney and Successor's ("City Defendants") Motion to Dismiss the Complaint,

it is **HEREBY ORDERED** that the Motion is **GRANTED**.  It is **FURTHER ORDERED** that

all claims against City Defendants are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
**Gerald A. McHugh, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL HICKSON,** : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **Civil Action** |
| : | **No. 25-2980** |
| : | |
| **PECO ENERGY COMPANY, et al.** : | |
| **Defendants.** : | |
| : | |

**CITY DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**
**FOR FAILURE TO STATE A CLAIM**

Defendants Jim Kenney and Successor ("City Defendants"), by and through the

undersigned counsel, hereby file this Motion to Dismiss for Failure to State a Claim pursuant to

Federal Rule of Civil Procedure 12(b)(6). In support of this motion, City Defendants incorporate

the attached Memorandum of Law. City Defendants respectfully request that this Court dismiss

the claims asserted against them with prejudice.

Date:  October 3, 2025

Respectfully submitted,

*/s/ Michael Pfautz*
Michael Pfautz, Deputy City Solicitor
Pa. Attorney ID No. 325323
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
T: (215) 683-5233
F: (215) 683-5299
michael.pfautz@phila.gov
*Counsel for City Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL HICKSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action** |
| | : | **No. 25-2980** |
| **PECO ENERGY COMPANY, *et al.,*** | : | |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION**
**TO DISMISS THE COMPLAINT AS TO DEFENDANT KENNEY**
**FOR FAILURE TO STATE A CLAIM**

Defendants Jim Kenney & Successor ("City Defendants") by and through undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion to Dismiss. Because the Complaint does not allege any action by City Defendants, this Court should dismiss the claims against them.

I.    **BACKGROUND AND PROCEDURAL HISTORY**[1]

A.  **Relevant Factual Allegations**

Pro se Plaintiff Michael Hickson began receiving electric utility services at his residence in Philadelphia from Defendant PECO Energy Company ("PECO") on February 14, 2022. Compl. (ECF No. 1) ¶¶ 1, 11-12. Plaintiff has a past-due balance but alleges PECO continues debt collection activities against him. Compl. ¶¶ 21, 31-33. Plaintiff also alleges that PECO diverts customer-funded resources to various non-profits to help low-income customers prevent service shutoffs and fund customer service programs for some. *Id.* ¶¶ 25-29. Plaintiff alleges that former Philadelphia Mayor Jim Kenney and his successor (Mayor Charelle Parker) "have

---

[1] For purposes of this Motion to Dismiss only, City Defendants take the facts as pled to be true.

provided or approved public funding and support to PECO and its nonprofit partners while failing to adequately protect their constituents from utility shutoffs and contract misrepresentations." *Id.* ¶ 30.

### B. Procedural History

On June 9, 2025, Plaintiff filed the instant Complaint under 42 U.S.C. § 1983 against various public and private entities and individuals asserting seven causes of action. Compl. (ECF No. 1) ¶¶ 2-7. Plaintiff named PECO Energy Company ("PECO"), Exelon Corporation, Exelon Foundation, RockCreek Group and Community Impact Capital Fund, Patrick Noonan, and Natural Lands2 (collectively, the "PECO Defendants"), the Pennsylvania Public Utility Commission ("PUC") and Chairman of the PUC, Gladys Brown Dutrieville, (collectively, the "PUC Defendants"), former Pennsylvania Governor Tom Wolf and his successor, and City Defendants as Defendants. *Id.* ¶ 2-11. City Defendants are named in their official and individual capacities. *Id.* ¶ 11.

City Defendants moved for extensions of time to respond to the Complaint, which the Court granted and set a deadline of October 3, 2025. (ECF No. 15).

## II.    LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the court examines whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    ARGUMENT

Although the Complaint names City Defendants, it fails to plead any conduct— how any lack of conduct—by the City Defendants that deprived Plaintiff of any federal right.

"In order to state a claim, a plaintiff must first allege . . . a violation of a federally protected right." *Robinson v. Fair Acres Geriatric Ctr.*, 722 F. App'x 194, 197 (3d Cir. 2018).

Further, a "defendant in a civil rights action must have personal involvement in the alleged wrongs" of the case, and a complaint must allege such personal involvement "with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, the Complaint should be dismissed because it fails to identify any wrongful conduct by the City Defendants, let alone any that violates a federally protected right. The only factual allegation regarding City Defendants is that they "have provided or approved public funding and support to PECO . . . while failing to adequately protect their constituents from utility shutoffs and contract misrepresentations." Compl. ¶ 30. The Complaint goes on to list several causes of action, but only one plausibly even refers to City Defendants: Count VII asserts a Section 1983 claim that "Defendants' actions in permitting and facilitating PECO's contract violations and privacy breaches constitute violations of Plaintiff's civil rights." *Id.* ¶ 63.[2] That level of generality is legally insufficient, as it does not even identify the alleged rights violated, let alone the elements of such a violation or specific facts stating a claim. *See, e.g.*, *Robinson*, 722 F. App'x at 197. Nor does the Complaint does not allege any facts regarding how City Defendants had any involvement in PECO's alleged actions or how they could be legally responsible for those actions. *See, e.g.*, *Rode*, 845 F.2d at 1207.

Therefore, the Complaint does not allege the violation of any right by the City Defendants.[3]

---

[2] City Defendants note that while the Complaint alleges a Seventh Amendment claim at Count II, that Amendment has not been incorporated and does not apply to municipalities or states. *See Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916).

[3] Even if there were allegations of specific conduct by any City Defendant, the Complaint fails to identify a clearly established right or plead a municipal policy or custom actionable under *Monell*.

To the extent Plaintiff's claims name former Mayor Kenney and Mayor Parker in their official capacities, *see* Compl. (ECF No. 1) ¶ 11, those claims are equivalent to suits against the City itself. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (explaining that official

IV.    **CONCLUSION**

For the foregoing reasons, City Defendant respectfully request that all claims against

them in his official and individual capacity be dismissed with prejudice.

Respectfully submitted,

CITY OF PHILADELPHIA LAW DEPARTMENT
RENEE GARCIA, CITY SOLICITOR

DATE: October 3, 2025                    */s/ Michael Pfautz*
Michael Pfautz, Deputy City Solicitor
Pa. Attorney ID No. 325323
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
T: (215) 683-5233
F: (215) 683-5299
michael.pfautz@phila.gov
*Counsel for City Defendants*

---

capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent" and that such suits, "in all respects other than name, are to be treated as a suit against the entity). *Monell* requires the plaintiff to demonstrate that a municipality's "policy or custom" caused harm. *Mulholland v. Cnty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *Id.* However, Plaintiff's allegation do not assert that the City created a policy or custom applicable here. Compl. ¶ 30.

City Defendants in their individual capacities would also be entitled to qualified immunity since the Complaint does not identify any constitutional right violated by Kenney that was clearly established. *See, e.g., Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date set forth below, I served a true and correct copy of the foregoing upon all counsel of record via ECF system, and caused to be mailed to the following via U.S. Mail:

**MICHAEL HICKSON**
6604 N. 12TH STREET
PHILADELPHIA, PA 19126
*Plaintiff pro se*


BY:    */s/ Michael Pfautz*
Deputy City Solicitor


Dated: October 3, 2025