**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL HICKSON | : |
| | : |
|      Plaintiff, | : |
|    v. | : |
| | : |
| PECO ENERGY CO., EXELON CORP., | :   Civil Action No. 2:25-cv-02980 |
| NATURAL LANDS, EXELON | : |
| FOUNDATION, THE ROCK CREEK | : |
| GROUP/COMMUNITY IMPACT CAPITAL | : |
| FUND, PATRICK NOONAN, | : |
| PENNSYLVANIA PUBLIC UTILITY | : |
| COMMISSION, GLADYS BROWN | : |
| DUTRIEVILLE, TOM WOL, JIM KENNEY, | : |
| | : |
|      Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PECO ENERGY
COMPANY, EXELON CORPORATION, EXELON FOUNDATION, ROCKCREEK
GROUP, COMMUNITY IMPACT CAPITAL FUND, PATRICK NOONAN, AND
NATURAL LANDS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

STATEMENT OF FACTS .................................................................................................. 2

STANDARDS OF LAW ..................................................................................................... 4

    A.    Federal Rule of Civil Procedure 12(b)(1) ................................................... 4

    B.    Federal Rule of Civil Procedure 12(b)(6) ................................................... 4

ANALYSIS ........................................................................................................................ 5

    A.    Plaintiff lacks standing because he does not allege any injury for any of his claims. ................................................................................................... 5

    B.    Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction over Plaintiff's utility-based dispute. .................................... 8

    C.    Plaintiff's federal (constitutional and tax) claims and state tort claims are also barred by their statutes of limitations. .......................................... 10

    D.    Plaintiff fails to plead federal or constitutional claims upon which relief can be granted. .................................................................................... 12

        1.    Moving Defendants are not state actors, thus Plaintiff's constitutional claims must fail. .......................................................... 12

        2.    Plaintiff also fails to allege any constitutional violation by Moving Defendants. ....................................................................... 13

        3.    Plaintiff's federal tax claims lack private causes of action. .................... 14

        4.    Plaintiff fails to allege any privacy law violated by Moving Defendants. ................................................................................... 15

        5.    The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss the claims. ........................ 16

    E.    Alternatively, the Court must dismiss Plaintiff's state law claims for failure to state a claim upon which relief can be granted. .................... 17

        1.    Plaintiff fails to state cognizable state law claims. ................................ 17

        2.    Plaintiff's contract claim does not state a claim and fails as a matter of law. .................................................................................. 17

CONCLUSION .............................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anand v. Indep. Blue Cross*,
   No. CV 20-6246, 2021 WL 3128690 (E.D. Pa. July 23, 2021)................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).........................................................................................................4, 5, 13

*Axalta Coating Sys. LLC v. Fed. Aviation Admin.*,
   144 F.4th 467 (3d Cir. 2025) ...............................................................................................14

*Ballentine v. United States*,
   486 F.3d 806 (3d Cir. 2007)...................................................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................................5

*Brandon v. Holt*,
   469 U.S. 464 (1985)...............................................................................................................7

*Brockway Glass Co. v. Pennsylvania Pub. Util. Comm'n*,
   437 A.2d 1067 (Pa. Commw. 1981) .....................................................................................18

*Burgos v. City of Phila.*,
   439 F. Supp. 3d 470 (E.D. Pa. 2020) ...................................................................................16

*Cain v. Nutter*,
   No. CV 15-5524, 2016 WL 7031891 (E.D. Pa. Dec. 1, 2016) .................................................5

*California v. Texas*,
   593 U.S. 659 (2021)...............................................................................................................7

*Chernavsky v. Twp. of Holmdel Police Dep't*,
   136 F. App'x 507 (3d Cir. 2005) ..........................................................................................16

*City of Camden v. Beretta U.S.A. Corp.*,
   81 F. Supp. 2d 541 (D.N.J. 2000)........................................................................................14

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983).................................................................................................................5

*Dique v. New Jersey State Police*,
   603 F.3d 181 (3d Cir. 2010)..................................................................................................10

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*DiSanto v. Dauphin Consol. Water Supply Company*,
  436 A.2d 197 (Pa. 1981)..........................................................................................9

*Elkin v. Bell Tel. Co. of Pa.*,
  420 A.2d 371 (Pa. 1980)........................................................................................8, 9

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009)....................................................................................5

*FW/PBS, Inc. v. Dallas*,
  493 U.S. 215 (1990)................................................................................................6

*Giles v. Kearney*,
  571 F.3d 318 (3d Cir. 2009)....................................................................................5

*Gorski v. Smith*,
  812 A.2d 683 (Pa. Super. Ct. 2002)......................................................................18

*Groman v. Twp. of Manalapan*,
  47 F.3d 628 (3d Cir. 1995)....................................................................................12

*Hanna v. U.S. Veterans' Admin. Hosp.*,
  514 F.2d 1092 (3d Cir. 1975)................................................................................10

*Hillman v. Borough of Collingdale*,
  No. 22-2260, 2023 WL 2400740 (3d Cir. Mar. 8, 2023).........................................9

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,
  678 F.3d 235 (3d Cir. 2012)....................................................................................4

*In re Swarthmore Grp.*,
  667 B.R. 258 (E.D. Pa. Br. Jan. 15, 2025)............................................................17

*Jackson v. Metropolitan Edison Co.*,
  419 U.S. 345 (1974)..............................................................................................13

*James v. City of Wilkes-Barre*,
  700 F.3d 675 (3d Cir. 2012)....................................................................................5

*Kneipp v. Tedder*,
  95 F.3d 1199 (3d Cir. 1996)..................................................................................10

*Lake v. Arnold*,
  232 F.3d 360 (3d Cir. 2000)..................................................................................11

**TABLE OF AUTHORITIES**
<u>(continued)</u>

**Page(s)**

*Lansdale Borough v. Philadelphia Electric Company*,
  170 A.2d 565 (Pa. 1961).............................................................................................................9

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)..............................................................................................................5, 6

*Martinez v. Skirmish, U.S.A., Inc.*,
  No. CIV.A. 07-5003, 2009 WL 1676144 (E.D. Pa. June 15, 2009)........................................18

*McGuckin v. Brandywine Realty Tr.*,
  185 F. Supp. 3d 600 (E.D. Pa. 2016).....................................................................................11

*Medina v. Planned Parenthood S. Atl.*,
  145 S. Ct. 2219 (2025)............................................................................................................10

*Miller v. Burt*,
  765 F.App'x 834 (3d Cir. 2019) ...............................................................................................1

*Miller v. Exelon*,
  No. 19-cv-0231, 2019 WL 952273 (E.D. Pa. Feb. 26, 2019)....................................................1

*Nesgoda v. Rooney*,
  No. 3:22CV253, 2024 WL 2094009 (M.D. Pa. May 9, 2024) .................................................11

*Pennsylvania State Conf. of NAACP v. Schmidt*,
  703 F. Supp. 3d 632 (W.D. Pa. 2023)......................................................................................7

*Prikis v. Maxatawny Twp.*,
  No. 5:23-CV-3901, 2024 WL 3889098 (E.D. Pa. Aug. 20, 2024) .........................................17

*Reilly v. Ceridian Corp.*,
  664 F.3d 38 (3d Cir. 2011)........................................................................................................6

*Richardson v. United States*,
  No. 23-CV-2015, 2024 WL 3654018 (E.D. Pa. Aug. 5, 2024) .................................................4

*Robinson v. Johnson*,
  313 F.3d 128 (3d Cir. 2002)....................................................................................................10

*Rose v. Husenaj*,
  708 F. App'x 57 (3d Cir. 2017) ...............................................................................................13

*Schwager v. Beiley*,
  No. 24-CV-2570, 2024 WL 3239738 (E.D. Pa. June 28, 2024)........................................15, 16

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Schwartz v. Comcast Corp.*,
   256 F. App'x 515 (3d Cir. 2007) ............................................................................................18

*Seabury v. City of New York*,
   No. 06-CV-1477, 2006 WL 1367396 (E.D.N.Y. May 18, 2006) ...........................................15

*Simeone v. Simeone*,
   581 A.2d 162 (Pa. 1990)........................................................................................................18

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016).............................................................................................................6

*Tagayun v. Stolzenberg*,
   239 F. App'x. 708 (3d Cir. 2007) ...........................................................................................4

*Taverna v. Palmer Twp.*,
   No. 5:20-CV-0812-JDW, 2020 WL 5554387 (E.D. Pa. Sept. 16, 2020) .................................8

*United Mine Workers of Am. v. Gibbs*,
   383 U.S. 715 (1966)...............................................................................................................16

*United States v. Delaware Dep't of Ins.*,
   No. CV 20-829-MN-CJB, 2021 WL 3012728 (D. Del. July 16, 2021)...................................14

*United States v. LaSalle Nat'l Bank*,
   437 U.S. 298 (1978)...............................................................................................................15

*West v. Atkins*,
   487 U.S. 42 (1988).................................................................................................................12

*West v. TransUnion LLC*,
   No. 2:23-CV-04051-JDW, 2024 WL 2925959 (E.D. Pa. June 10, 2024) ...............................15

**STATUTES**

42 Pa. C.S. § 5525...........................................................................................................................10

42 Pa. Cons. Stat. § 5524 ...............................................................................................................11

52 Pa. Code § 53 *et seq.* ........................................................................................................2, 8, 18

66 Pa. Cons. Stat. § 501 ...................................................................................................................8

28 U.S.C. § 1332.............................................................................................................................16

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

28 U.S.C. § 1367.............................................................................................................................16

42 U.S.C. § 1983.................................................................................................................2, 10, 11, 12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1)........................................................................................................... passim

Fed. R. Civ. P. 12(b)(6)........................................................................................................... passim

Fed. R. Evid. 201(b)(2)......................................................................................................................2

## INTRODUCTION

With this lawsuit, Plaintiff Michael Hickson[1] ("Plaintiff") seeks $10 million through hard-to-decipher allegations.  Trying to relitigate payment required for utility services provided, Plaintiff asserts vague and baseless claims against Defendants PECO Energy Company ("PECO"), Exelon Corporation ("Exelon"), Exelon Foundation, RockCreek Group ("RockCreek"),[2] Community Impact Capital Fund ("CICF"), Patrick Noonan, and Natural Lands (collectively, "Moving Defendants") for alleged violations of the Constitution and federal and state laws.

As of February 2022, Plaintiff was a customer of PECO.  By June 2022, however, Plaintiff was overdue on his utility bills and PECO undertook collection activities against him for nonpayment.  Plaintiff alleges that he enrolled in a customer assistance program and PECO's donations to non-profit organizations should have instead gone to utility customers, among other contract-related complaints.  Ultimately, Plaintiff's Complaint is nothing more than a utility service complaint over which this Court lacks jurisdiction.

Based on the foregoing, Plaintiff now sues Moving Defendants for several causes of causes of action, which can be categorized as follows:

- Federal and Constitutional Claims:  Violation of Commerce Clause and Contract Rights against PECO (Count I); Violation of Seventh Amendment Rights against all Defendants

---

[1] While proceeding *pro se*, Plaintiff's Complaint attaches a document entitled "Pennsylvania General Durable Power of Attorney," which purports to grant Orlando Acosta, a non-attorney, power of attorney over Plaintiff.  Compl. at 28-31.  Mr. Acosta has repeatedly held himself out as Plaintiff's attorney in this action, including regarding the Complaint, as made evident by the attachment.  Mr. Acosta has repeatedly been admonished for such behaviors. *See, e.g.*, *Miller v. Burt*, 765 F.App'x 834, 836 (3d Cir. 2019); *Miller v. Exelon*, No. 19-cv-0231, 2019 WL 952273, at *3 (E.D. Pa. Feb. 26, 2019) (McHugh, J.); Dkt. No. 15.

[2] Plaintiff incorrectly identifies separate entities Defendants Community Impact Capital Fund, an individual fund, and RockCreek Group, Community Impact Capital Fund's investment manager, as one party "The Rock Creek Group/Community Impact Capital Fund." Plaintiff also incorrectly identifies Natural Lands Trust, Inc d/b/a Natural Lands as "Natural Lands."

(Count II); Violation of Privacy Rights and Unauthorized Use of Personal Information against PECO (Count VI); and Civil Rights Violations Under 42 U.S.C. § 1983 against "individual Defendants" (Count VII);

- Federal Tax Claims:  Violations of Nonprofit Tax-Exempt Status and Private Inurement against Natural Lands, Exelon Foundation, Community Impact Capital Fund, PECO, and Exelon Corporation (Count III); Unrelated Business Income Tax (UBIT) Violations against PECO and Exelon (Count V);  and

- State Law Claims:  Violation of Contract Rights against PECO (Count I);[3] Corporate Malfeasance and Improper Profit Distribution against PECO (Count IV); Violation of Privacy Rights and Unauthorized Use of Personal Information against PECO (Count VI).

Plaintiff's claims against Moving Defendants fail for several reasons.  First, the Court lacks jurisdiction over Plaintiff's Complaint because Plaintiff fails to allege any injury suffered and he did not initially exhaust his statutorily required administrative remedies.  Additionally, Plaintiff's claims must be dismissed because most of his claims are barred by the statute of limitations and, for all Counts, Plaintiff fails to state claims upon which relief can be granted.  Accordingly, Moving Defendants request this honorable Court dismiss Plaintiff's Complaint against them in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

## STATEMENT OF FACTS

On February 14, 2022, Plaintiff alleges he entered into an agreement with PECO for electricity services at his residence in Philadelphia.[4]  Complaint ("Compl.") ¶¶ 11-12.  Plaintiff

---

[3] Moving Defendants interpret Count I as a breach of contract claim, as well as a Commerce Clause/Contracts Clause violation.

[4] The Court may take judicial notice of the fact that Plaintiff's contract with PECO, as with all PECO customers, is PECO's tariff, the rates and terms of which are set and approved by the Pennsylvania Public Utility Commission.  52 Pa. Code § 53 *et seq.*; Fed. R. Evid. 201(b)(2)

alleges that PECO failed to disclose the full terms and conditions of his standard utility contract, and specifically that PECO would use his personal information for commercial purposes. *Id.* ¶¶ 13-15. The Complaint also alleges PECO did not obtain Plaintiff's signature "on the required SSA form" prior to Plaintiff entering his electricity contract with PECO, allegedly violating federal privacy laws. *Id.* ¶¶ 17-18.

On February 15, 2022, Plaintiff received a letter from PECO requesting additional information regarding enrollment in a Customer Assistance Program ("CAP"). *Id.* ¶ 19. On March 23, 2022, Plaintiff alleges that he responded to the request via affidavit, which was delivered the following day. *Id.* ¶ 20. On May 24, 2022, PECO sent Plaintiff a 72-hour shut-off notice of termination of service. *Id.* ¶ 32. In June 2022, PECO pursued collection activities against Plaintiff for $1,077.32. *Id.* ¶¶ 21, 31. Plaintiff alleges that PECO undertook collection activities despite his participation in CAP. *Id.* ¶ 33.

Plaintiff also alleges that PECO, through "its parent company Exelon and related entities," provides resources to nonprofit organizations and programs. *Id.* ¶ 25. For example, he alleges that PECO partners with Natural Lands to administer the PECO Green Region Open Space Program, which provides grants to municipalities and organizations for open space programs. *Id.* ¶ 26. He also alleges that PECO, via the Exelon Foundation, supports STEM education through programs such as the Cal Ripken, Sr. Foundation STEM Center and committed capital over $36 million in a Community Impact Capital Fund, managed by RockCreek, which supports businesses in underserved communities. *Id.* ¶¶ 27-28. Plaintiff alleges that these programs are at the expense

---

("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

of direct benefits to PECO customers.  *Id.* ¶¶ 25, 29.  There are no allegations against Defendant Patrick Noonan except when Plaintiff identifies him as a defendant.  *See generally id.*

## STANDARDS OF LAW

### A.    Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a Court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim.  "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (citations omitted).  In reviewing a facial challenge to standing contesting the sufficiency of the pleadings, the court applies the same standard as under Rule 12(b)(6) and "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (citation omitted).

When evaluating a motion to dismiss "based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b) defenses, the Court should consider the Rule 12(b)(1) challenge first because, if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses become moot and need not be addressed."  *Richardson v. United States*, No. 23-CV-2015, 2024 WL 3654018, at *2 (E.D. Pa. Aug. 5, 2024), *aff'd*, No. 24-2808, 2025 WL 1275771 (3d Cir. May 2, 2025) (citation omitted); *see also Tagayun v. Stolzenberg*, 239 F. App'x. 708, 710 (3d Cir. 2007) ("An actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case.") (citation omitted).

### B.    Federal Rule of Civil Procedure 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

4

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "do more than allege the plaintiff's entitlement to relief"; it must "'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citation omitted). While the Court must "accept the factual allegations contained in the Complaint as true," the Court should "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Iqbal*, 556 U.S. at 663. And while, "the court has an obligation to construe the complaint liberally" when a plaintiff is proceeding *pro se*, *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009) (citations omitted), "the Court cannot infer facts central to plaintiff's claims that are not stated in the complaint or other documents before the Court," *Cain v. Nutter*, No. CV 15-5524, 2016 WL 7031891, at *2 (E.D. Pa. Dec. 1, 2016) (citations omitted).

## ANALYSIS

### A. Plaintiff lacks standing because he does not allege any injury for any of his claims.

Plaintiff fails to allege any injury suffered from Moving Defendants' actions. For this reason alone, all counts in Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction. "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold [sic] requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). To establish standing to bring a case, a plaintiff must allege facts sufficient to establish an injury-in-fact, which is "an invasion of a legally protected interest [that] is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan v. Defenders of Wildlife*, 504

U.S. 555, 560 (1992) (internal citations omitted; alteration added). Such injury must also be "fairly traceable to the challenged conduct of the defendant, and . . . likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). The injury "must actually exist" and "must affect the plaintiff in a personal and individual way." *Id.* at 1548; *Lujan*, 504 U.S. at 561 ("The plaintiff . . . bears the burden of establishing these elements."); *see also FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). And "[w]here, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc.*, 126 S. Ct. at 1547.

Here, Plaintiff does not—and cannot—allege any harm whatsoever. Plaintiff merely alleges that he received a 72-hour notice of collection activities despite his alleged participation in CAP. *Id.* ¶¶ 32-33. Receipt of a notice of termination of service, without more, is not an injury-in-fact for standing purposes. *Reilly v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011) ("[A]llegations of hypothetical, future injury are insufficient to establish standing."). The rest of the Complaint fares no better. Plaintiff alleges no injury due to PECO's alleged failure to disclose contract terms, its collection and/or use of his social security number, or its donations to nonprofit organizations.[5] *See generally id.* As a result, Plaintiff lacks standing to sue PECO for any claim, let alone the federal constitutional, federal tax, and state claims alleged in the Complaint.

Plaintiff also brings no allegations of harm against any other Moving Defendant. Plaintiff's only allegations related to Exelon are that PECO, through Exelon and other unnamed entities, donates funds to nonprofit organizations. Compl. ¶¶ 25, 28. Plaintiff never alleges any harm

---

[5] Plaintiff alleges that such donations are at the expense of customer assistance programs and fail to directly benefit PECO customers, but he fails to allege any resulting injury. *See, e.g.*, Compl. ¶¶ 25-30.

suffered from Exelon's actions. In Count III (Violation of Non-Profit Tax Status), he fails to allege how such a violation injured him. *Id.* ¶ 7. Other than Exelon appearing near PECO in two paragraphs of the Complaint, *id.* ¶¶ 44 and 49, Plaintiff never alleges anything against Exelon related to either claim let alone an injury. Thus, Plaintiff lacks standing to sue Exelon. *See, e.g.*, *California v. Texas*, 593 U.S. 659, 669 (2021) (holding that injury for standing purposes must be "fairly traceable" to any "allegedly unlawful conduct" of which a plaintiff complains) (citation omitted).

Plaintiff's same fatal error applies to Exelon Foundation, Natural Lands, RockCreek, and CICF. Plaintiff alleges that Exelon Foundation donates to or partners with charitable causes, such as Natural Lands, RockCreek, and CICF, but never alleges any injury that Plaintiff suffered because of any of their involvement or actions, or indeed any relationship between himself and those entities. *Id.* ¶¶ 26-28. Moreover, Count III (Violations of Non-Profit Tax Status) seemingly brought against these four Moving Defendants (and PECO and Exelon), is unrelated to the allegations pertaining to them. *Id.* ¶ 7. Thus, Plaintiff also lacks standing to sue Exelon Foundation, Natural Lands, RockCreek, and CICF.

Furthermore, Plaintiff fails to make any allegation at all regarding Patrick Noonan, a former senior manager at PECO. Plaintiff sues Defendant Patrick Noonan "individually and in his official capacity as an officer or representative of PECO Energy Company[.]" Compl. ¶ 7. Patrick Noonan is not an officer of PECO, nor is PECO a governmental agency, so he cannot be sued in an official capacity. *Cf. Brandon v. Holt*, 469 U.S. 464, 471 (1985) ("[A] judgment against a *public servant* 'in his official capacity' imposes liability on the [public] entity that he represents." (emphasis added)). Plaintiff has no standing to sue an individual against whom he alleges nothing. *Cf. Pennsylvania State Conf. of NAACP v. Schmidt*, 703 F. Supp. 3d 632, 644 (W.D. Pa. 2023)

7

(subsequent history omitted) ("Traceability [for standing purposes] means that the injury was caused by the challenged action of *the defendant*[.]" (emphasis added) (collecting cases)).

In sum, Plaintiff's Complaint is void of any facts showing that he suffered an actionable injury. "Without pleading an injury in fact, [Plaintiff] does not have standing to pursue th[ese] claim[s]." *Taverna v. Palmer Twp.*, No. 5:20-CV-0812-JDW, 2020 WL 5554387, at *7 (E.D. Pa. Sept. 16, 2020) (dismissing claim) (alterations added). Thus, for this reason alone, the Court lacks jurisdiction under Article III to decide Plaintiff's claims and must dismiss his Complaint against all Moving Defendants in their entirety.

### B.    Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction over Plaintiff's utility-based dispute.

Plaintiff's Complaint must also be dismissed under Rule 12(b)(1) for lack of jurisdiction because this Court cannot adjudicate Plaintiff's billing dispute until Plaintiff has sought relief administratively. The Pennsylvania Public Utility Commission ("PUC") "was established under the Public Utility Code of Pennsylvania . . . as a regulatory body to supervise and regulate all public utilities[6] doing business in Pennsylvania." *Hillman v. Borough of Collingdale*, Civ. No. 21-4462 (E.D. Pa. June 3, 2022), ECF No. 90 at 4; *see* 66 Pa. Cons. Stat. § 501(a)-(b). "The PUC has long been recognized as the appropriate forum for the adjudication of issues involving the reasonableness, adequacy and sufficiency of public utility services." *Elkin v. Bell Tel. Co. of Pa.*, 420 A.2d 371, 374-75 (Pa. 1980) (collecting cases).

In Pennsylvania, utility rates are memorialized in tariffs set by the PUC, which has the sole power to determine rates and to hear complaints regarding them. *Cf.* 52 Pa. Code § 53.45(b)(1)(i) (listing ways in which customers can challenge proposed rate changes with the PUC and providing notice of such to customers). Thus, Plaintiff's Complaint is, in essence, an attempt to seek redress

---

[6] PECO is a public utility subject to PUC's regulatory authority. 66 Pa. Cons. Stat. § 501(c).

from utility rates with which he disagrees, *see, e.g.*, Compl. ¶ 31 ("Plaintiff owes a debt of $1,077.82 for electricity service[.]"), which arise out of his contract with PECO, *id.* ¶ 12.

Because "[t]he Public Utility Law has expressly granted the PUC the power" to regulate public utility services to customers, federal district courts lack initial jurisdiction to decide public utility cases. *Elkin*, 420 A.2d at 574. Rather, "[i]nitial jurisdiction in matters concerning the relationship between public utilities and the public is in the PUC—not in the courts[.]" *Lansdale Borough v. Philadelphia Electric Company*, 170 A.2d 565, 567 (Pa. 1961). Indeed, courts have dismissed similar cases for lack of jurisdiction. *See, e.g.*, *DiSanto v. Dauphin Consol. Water Supply Company*, 436 A.2d 197, 200 (Pa. 1981) (holding that if the case "involve[s] issues, be they contractual or not, concerning the reasonableness, adequacy and sufficiency of public utility service" or if the allegations are "inextricably interwoven with . . . providing utility service" then "the matter is within the initial jurisdiction of the Pennsylvania Public Utility Commission"); *cf. Hillman*, ECF No. 90, at 4, *aff'd*, No. 22-2260, 2023 WL 2400740, at *2 (3d Cir. Mar. 8, 2023) (affirming dismissal of claims for lack of jurisdiction when plaintiff "repackage[d] his allegations as federal claims in an attempt to relitigate issues that have already been addressed by the PUC" initially).

As Plaintiff has not pursued his claims before the PUC, which has exclusive initial jurisdiction over claims inextricably intertwined with or arising out of the provision of utility service, as Plaintiff's claims are here, the Court should dismiss Plaintiff's Complaint in its entirety. Plaintiff must seek relief at the PUC first.[7]

---

[7] Moreover, Plaintiff is aware of that the PUC has jurisdiction over his allegations but nonetheless disregarded it. On November 14, 2022, Plaintiff filed a formal complaint against PECO and Patrick Noonan based on the same allegations as this lawsuit. *See* Formal Complaint, Pennsylvania Public Utility Commission Docket No. F-2022-3036853, attached hereto as Exhibit 1; *see also* ECF No. 12, Civil Action No. 22-2053 (McHugh, J.) (dismissing substantively similar

**C.**    **Plaintiff's federal (constitutional and tax) claims and state tort claims are also barred by their statutes of limitations.**

Plaintiff's federal, constitutional, and tax claims in Counts I-III, V, VII, and state tort claims in Counts II-VII, are also barred by the applicable two-year statutes of limitations. A statute of limitations defense can be raised by motion to dismiss under Rule 12(b)(6) "if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002) (*quoting Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)) (collecting cases). Here, the times alleged in the Complaint show that Counts I-VII[8] are time barred.

Plaintiff brings federal, constitutional, and federal tax claims in Counts I-III, V, and VII (Violation of Commerce Clause and Contract Rights; Violation of Seventh Amendment Rights; Violation of Privacy Rights; and Civil Rights Violations Under 42 U.S.C. § 1983; Violations of Nonprofit Tax-Exempt Status; and Unrelated Business Income Tax Violations (respectively)). The vehicle for bringing such claims is 42 U.S.C. § 1983. *Medina v. Planned Parenthood S. Atl.*, 145 S. Ct. 2219, 2229 (2025). However, "[s]ection 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) (citation omitted). Thus, "[s]tate law . . . determines when the claim accrues . . . and provides the statute of limitations applicable to a section 1983 claim." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citation omitted). Courts characterize section 1983 claims as personal-injury

---

complaint). On April 24, 2023, a PUC Administrative Law Judge held that "[t]he Commission ha[d] jurisdiction over the parties and subject matter of the proceeding," and dismissed Plaintiff's complaint because PECO was entitled to judgment as a matter of law. PUC Initial Decision, at 7, attached hereto as Exhibit 2; *see also* PUC Final Order, attached hereto as Exhibit 3.

[8] Count I, however, to the extent that it is construed as a state law breach of contract claim, would not be time barred because Pennsylvania has a four-year statute of limitations for contract claims. 42 Pa. C.S. § 5525(8).

claims, and thus section 1983 claims are governed by the applicable state statute of limitations for

such tort claims.  *Lake v. Arnold*, 232 F.3d 360, 369 (3d Cir. 2000) (explaining that for section

1983 claims the statute of limitations is based on the general residual statute of limitations for

personal injury actions filed in the state in which the district court sits).  Tort claims in

Pennsylvania have a two-year statute of limitations.  42 Pa. Cons. Stat. § 5524 (showing

Pennsylvania has a two-year statute of limitations for tort claims).  Accordingly, the statute of

limitations for section 1983 claims filed in a federal district court sitting in Pennsylvania is two

years.  *See, e.g.*, *Nesgoda v. Rooney*, No. 3:22CV253, 2024 WL 2094009, at *3 (M.D. Pa. May 9,

2024).

Plaintiff's state law claims, as Moving Defendants construe Counts III, IV, VI (Violation

of Corporate Malfeasance and Improper Profit Distribution, and Violation of Privacy Rights and

Unauthorized Use of Personal Information), are also tort claims, governed by section 5524's two-

year statute of limitations.  42 Pa. Cons. Stat. § 5524.

All of Plaintiff's allegations occurred prior to June 2022, more than three years ago.  *See,*

*e.g.*, Compl. ¶¶ 31-32.  His Complaint was filed June 9, 2025.  Dkt. No. 4.  Because Plaintiff's

federal, constitutional, tax, and state tort claims accrued outside of the two-year statute of

limitations, the Court should dismiss Plaintiff's untimely claims against Moving Defendants with

prejudice.  *See, e.g.*, *McGuckin v. Brandywine Realty Tr.*, 185 F. Supp. 3d 600, 610 (E.D. Pa. 2016)

(dismissing time-barred claims with prejudice).  Thus, Plaintiff's claims in Counts IIII, V, VII, and

all state claims in Counts II-VII, are barred by the applicable two-year statutes of limitations and

should be dismissed with prejudice for this additional reason.

11

### D. Plaintiff fails to plead federal or constitutional claims upon which relief can be granted.[9]

Even if found not to be time-barred, Plaintiff's federal, constitutional, and federal tax claims (Counts I-III, V, and VII) fail to state a claim for relief. Plaintiff brings claims under the Commerce Clause, the Seventh Amendment, unspecified federal taxation law, and 42 U.S.C. § 1983.[10] Compl. ¶¶ 8-9. The Court should dismiss those claims (Counts I-III, V, and VII) pursuant to Rule 12(b)(6) because they are threadbare and legally devoid of merit.

#### 1. Moving Defendants are not state actors, thus Plaintiff's constitutional claims must fail.

Plaintiff's federal, constitutional, and federal tax claims in Counts I-III, V, and VII (Violation of Commerce Clause and Contract Rights; Violation of Seventh Amendment Rights; Violation of Privacy Rights; and Civil Rights Violations Under 42 U.S.C. § 1983; Violations of Nonprofit Tax-Exempt Status; and Unrelated Business Income Tax Violations) must also fail because Plaintiff does not allege facts showing that Moving Defendants are acting under color of state law. The vehicle by which to bring federal or constitutional claims for monetary damages is 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege (1) a violation of a constitutional or federal statutory right and (2) that the deprivation occurred at the hands of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

---

[9] Unless otherwise specified, the following arguments apply to all Moving Defendants.

[10] Plaintiff brings Count VII against "[t]he individual Defendants." Compl. ¶ 62. While Count VII may only apply to the individual government Defendants (Gladys Brown Dutrieville, Tom Wolf, and Jim Kenney), in an abundance of caution, Moving Defendants assume that Plaintiff alleged Count VII against them as well.

Plaintiff failed to allege that Moving Defendants, who are all private parties, are state actors. He has not alleged facts that Moving Defendants acted under the color of law.[11] Furthermore, private parties such as Exelon and PECO are not traditionally state actors as supplying utility services is not traditionally the exclusive prerogative of the state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974).

Further, Plaintiff cannot morph these fatal legal flaws into constitutional claims by using the words "civil rights." A "conclusory reference to 'civil rights' does not convert [] tort claims against non-state actors into constitutional claims." *Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (citations omitted; alteration added). Plaintiff's allegation regarding "PECO's contract violations and privacy breaches" does not give rise to a constitutional claim by the addition of the words "civil rights." Compl. ¶ 63. Thus, Plaintiff's federal, constitutional, and federal tax claims in Counts I,[12] II, III, VI, and VII fail as a matter of law and must be dismissed with prejudice as amendment would be futile. *Anand v. Indep. Blue Cross*, No. CV 20-6246, 2021 WL 3128690, at *17 (E.D. Pa. July 23, 2021) (collecting cases requiring action taken under color of state law and dismissing claims with prejudice).

### 2. Plaintiff also fails to allege any constitutional violation by Moving Defendants.

In addition to not alleging that Moving Defendants are state actors, Plaintiff fails to plead any necessary elements of a constitutional claim. First, in support of Count I (Violation of the Commerce Clause), he summarily alleges a violation arises from PECO's creation and

---

[11] Plaintiff summarily alleges that "Defendants, acting under color of state law, have deprived Plaintiff of rights secured by the Constitution and Laws of the United States." Compl. ¶ 62. Such conclusory statements of law need not be taken as true at the motion to dismiss stage. *Iqbal*, 556 U.S. at 663.

[12] Count I as alleged contains both a state law contract claim and a Commerce Clause claim. For discussion of the state law claims' deficiencies, *see infra* Section E.

enforcement of Plaintiff's contract. Compl. ¶ 37. In addition to not applying to private parties, such as PECO and the rest of the Moving Defendants, *cf.* Art. I, § 8, cl. 3, the Commerce Clause has "no self-enforcing mechanism" nor "a private right of action absent specific federal legislation," *City of Camden v. Beretta U.S.A. Corp.*, 81 F. Supp. 2d 541, 547 (D.N.J. 2000). Thus, Plaintiff's Commerce Clause violation against PECO[13] fails.

Second, Count II alleges that Moving Defendants' actions in pursuing collection activities and threatening termination of electricity without a trial by jury violates his Seventh Amendment rights. Plaintiff fails to allege, however, that any termination or collection of debts owed occurred, and in the absence of an adjudication no violation has occurred. *Cf. Axalta Coating Sys. LLC v. Fed. Aviation Admin.*, 144 F.4th 467, 472 (3d Cir. 2025) (seeking relief from administrative order under the Seventh Amendment). Moreover, it is unclear how exactly a private party seeking to collect upon a debt violates the Seventh Amendment. Thus, Plaintiff's constitutional claims in Counts I and II fail as a matter of law and must be dismissed with prejudice.

### 3. Plaintiff's federal tax claims lack private causes of action.

Like the Commerce Clause, there are no private rights of action for violations of nonprofit tax-exempt status nor violations of unrelated business income tax under the Internal Revenue Code, as alleged in Counts III and V (Violations of Nonprofit Tax-Exempt Status; and Unrelated Business Income Tax Violations). "The IRS is tasked with the responsibility of administering and enforcing the Internal Revenue Code." *United States v. Delaware Dep't of Ins.*, No. CV 20-829-MN-CJB, 2021 WL 3012728, at *5 (D. Del. July 16, 2021) (subsequent history omitted). Thus, "[p]rivate citizens cannot enforce the provisions of the Tax Code. That is the duty of the Secretary

---

[13] Plaintiff does not align claims with specific defendants; however, PECO is the only defendant named in Count I. Complaint ¶¶ 36-38. To the extent that Plaintiff brings Count I against other Moving Defendants, the same arguments hold true as no specific facts are asserted against them at all. *Id.*

of the Treasury and the Commissioner of the Internal Revenue Service[.]" *Seabury v. City of New York*, No. 06-CV-1477, 2006 WL 1367396, at \*5 (E.D.N.Y. May 18, 2006) (citing *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 308 (1978)).  Plaintiff's claims of various federal tax violations in Counts III and V must be dismissed with prejudice as amendment would be futile.

### 4.    Plaintiff fails to allege any privacy law violated by Moving Defendants.

Count VI (Violation of Privacy Rights and Unauthorized Use of Personal Information) alleges that PECO's use of his social security number and personal information "violates federal privacy laws and regulations" and "federal statutory requirements."  Compl. ¶¶ 58-59.  "To state a plausible claim, a plaintiff needs to identify the law that he alleges a defendant broke and provide some facts that state a violation of that law." *West v. TransUnion LLC*, No. 2:23-CV-04051-JDW, 2024 WL 2925959, at \*1 (E.D. Pa. June 10, 2024) (dismissing *pro se* plaintiff's complaint for failure to identify a law violated by defendant).  Plaintiff's Complaint lacks any allegation of which statute was allegedly violated by PECO, or any other Moving Defendant; thus, Moving Defendants are not sufficiently on notice of what claims against which they must defend.  Thus, the Court should dismiss Count VI with prejudice.

This same application requires dismissal of other counts in the Complaint as well.  Upon "a careful reading and liberal construction" of the Complaint in its entirety, Plaintiff "has not alleged how the named Defendant[s] violated his constitutional rights" nor can Defendants "discern factual or legal bases for any federal [or] constitutional claims." *Schwager v. Beiley*, No. 24-CV-2570, 2024 WL 3239738, at \*2 (E.D. Pa. June 28, 2024).  Thus, the Court should also dismiss Counts I, II, III, V, and VII with prejudice.

**5.    The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss the claims.**

To the extent that Plaintiff seeks to bring state law claims against Moving Defendants in Counts I, III, or IV (Violation of Contract Rights, Corporate Malfeasance and Improper Profit Distribution against PECO, Violation of Privacy Rights and Unauthorized Use of Personal Information against PECO), he has not pled an independent basis for the Court's jurisdiction. *See* Compl. ¶¶ 8-9 (asserting only federal question jurisdiction).  It is axiomatic that the Court must have jurisdiction over all claims before it.  "Under 28 U.S.C. § 1367, a prerequisite to the federal court's exercise of pendent jurisdiction over a plaintiff's state law claims is that at least one claim based on the court's original diversity or federal question jurisdiction is before the court." *Burgos v. City of Phila.*, 439 F. Supp. 3d 470, 486 (E.D. Pa. 2020) (internal quotation marks and citations omitted).  Thus, "[i]t is well established that in an action with both federal and state claims, 'if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.'" *Chernavsky v. Twp. of Holmdel Police Dep't*, 136 F. App'x 507, 511 (3d Cir. 2005) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (codified by 28 U.S.C. § 1367(c)(3) (2004))).  Here, as discussed above, "the Complaint does not assert any factual basis that would support the Court's exercise of federal question jurisdiction, under any of the civil rights statutes or otherwise." *Schwager*, 2024 WL 3239738, at *2.  Plaintiff clearly has not pled any federal claims, thus, the Court should not exercise supplemental jurisdiction over any state law claims, to the extent that any are plausibly pled, and must dismiss the claims pursuant to Rule 12(b)(1).[14]

---

[14] Plaintiff cannot assert diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and all Defendants but one are Pennsylvania citizens. *See* Compl. ¶¶ 1-11.

### E.  Alternatively, the Court must dismiss Plaintiff's state law claims for failure to state a claim upon which relief can be granted.

Should the Court find it has jurisdiction and choose to exercise pendent jurisdiction over Plaintiff's state law claims, Plaintiff nevertheless fails to state claims upon which relief can be granted and his claims should also be dismissed pursuant to Rule 12(b)(6).

#### 1.  Plaintiff fails to state cognizable state law claims.

Counts III and IV (Violations of Nonprofit Tax-Exempt Status and Private Inurement Corporate Malfeasance and Improper Profit Distribution) do not allege cognizable causes of action under state law.[15]  First, Pennsylvania law does not recognize a common law claim for private inurement.  *See*, *e.g.*, *Prikis v. Maxatawny Twp.*, No. 5:23-CV-3901, 2024 WL 3889098, at \*10 (E.D. Pa. Aug. 20, 2024) (holding "there is no such private cause of action," and dismissing claim with prejudice).  Second, nor can a private individual assert state law claims for improper profit distribution and/or corporate malfeasance, to the extent they even exist.  *Cf. In re Swarthmore Grp.*, 667 B.R. 258, 273 (E.D. Pa. Br. Jan. 15, 2025) (analyzing similar allegations as a breach of fiduciary duty claim, which must be brought by plaintiff to whom a fiduciary duty is held).  Thus, Counts III and IV should be dismissed with prejudice for failure to state a claim.

#### 2.  Plaintiff's contract claim does not state a claim and fails as a matter of law.

Plaintiff's Count I (Violation of Commerce Clause and Contract Rights) is based solely upon PECO's alleged failure to disclose all materials terms to Plaintiff: "PECO's failure to disclose the full terms and conditions of the contract, including its intended commercial use of Plaintiff's personal information, constitutes a material breach of contract."  Compl. ¶ 36; *see also id.* ¶¶ 13-15.  Such allegations cannot form the basis of a breach of contract claim, which must allege (1) an

---

[15] To the extent that Counts III and V attempt to state causes of action under the Internal Revenue Code, they too fail to state a claim.  *See supra* Section D.3.

agreement, (2) breach of a duty imposed by that agreement, and (3) damages suffered to the plaintiff because of that breach. *Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. Ct. 2002). Plaintiff nowhere alleges what duty PECO, or any other Moving Defendant, breached, nor what damage was suffered.

Additionally, under Pennsylvania law, failure to read a contract does not create a cause of action. It does not excuse a party from being bound by its terms, nor does it nullify a contract. *Martinez v. Skirmish, U.S.A., Inc.*, No. CIV.A. 07-5003, 2009 WL 1676144, at \*5 (E.D. Pa. June 15, 2009) (collecting cases). When the terms of a subscriber agreement are "available to [plaintiff] at all times," the terms are binding, "despite the fact that [plaintiff] [i]s unaware of them." *Schwartz v. Comcast Corp.*, 256 F. App'x 515, 520 (3d Cir. 2007) (alterations added); *see also Simeone v. Simeone*, 581 A.2d 162, 165 (Pa. 1990) ("Contracting parties are normally bound by their agreements, without regard to whether the terms thereof were read and fully understood and irrespective of whether the agreements embodied reasonable or good bargains.") (collecting cases). Here, Plaintiff alleges that he knew some of the terms and conditions. *See* Compl. ¶ 13 ("PECO failed to disclose *the full* terms and conditions of the contract to Plaintiff." (emphasis added)). Moreover, the contract at issue is a utility tariff, applied equally to all customers, posted publicly online, and unable to be negotiated by statutory design. 52 Pa. Code § 53.45; *Brockway Glass Co. v. Pennsylvania Pub. Util. Comm'n*, 437 A.2d 1067, 1070 (Pa. Commw. 1981) ("Tariffs, of course, can include schedules of rates, and all rules, regulations, practices or contracts involving rates and have the force of law and are binding on both the utility and its customer.") (citation omitted). Thus, Plaintiff's failure to know all the terms of the contract does not mean that PECO breached the contract. To the extent the Court will exercise supplemental jurisdiction, Counts I, III, and IV should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court dismiss Plaintiff's Complaint, in full, under Rule 12(b)(1), or alternatively under Rule 12(b)(6) with prejudice.

DATED: October 3, 2025                    Respectfully submitted,

/s/ *Diana P. Cortes*
Diana P. Cortes (PA. I.D. No. 204274)
Katherine H. Monks (PA. I.D. No. 336611)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-3007
T: (215) 963-5000
F: (215) 963-5001
diana.cortes@morganlewis.com
katherine.monks@morganlewis.com

*Counsel for Defendants PECO Energy Co.,*
*Exelon Corp., Exelon Foundation, the Rock*
*Creek Group/Community Impact Capital*
*Fund, Patrick Noonan, and Natural Lands*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2025, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

*/s/ Diana P. Cortes*
Diana P. Cortes