# EXHIBIT 2

BEFORE THE
PENNSYLVANIA PUBLIC UTILITY COMMISSION

| | | |
|---|---|---|
| Michael Hickson | : | |
| | : | |
| v. | : | F-2022-3036853 |
| | : | |
| PECO Energy Company | : | |

**INITIAL DECISION**

Before
Eranda Vero
Administrative Law Judge

INTRODUCTION

      This Initial Decision grants PECO Energy Company's Motion to Dismiss Michael Hickson's Formal Complaint for failure to show that there is a genuine issue as to a material fact. PECO Energy Company is entitled to a judgment as a matter of law.

HISTORY OF THE PROCEEDING

      On November 14, 2022, Michael Hickson (Mr. Hickson or Complainant) filed a Formal Complaint (Complaint) with the Pennsylvania Public Utility Commission (Commission) against PECO Energy Company (PECO or Respondent).  In the Formal Complaint form, where prompted to state the reason for the Complaint, Mr. Hickson checked the box next to "Other" and included a handwritten notation, "Attached Documents."  Complaint ¶ 4.  The document attached to the Complaint appears to be a copy of a pleading filed with the United States District Court, Eastern District of Pennsylvania, alleging a violation of the Commerce Clause and of the Seventh Amendment to the United States Constitution.

As relief, Complainant requested that the Commission "Address open case # 22-CV-2053." Complaint ¶ 5.

On December 6, 2022, PECO filed an Answer along with Preliminary Objections seeking to dismiss the Complaint against PECO for lack of Commission jurisdiction because the Complainant fails to set forth a violation by PECO of either the Public Utility Code, the regulations of the Commission or PECO's Electric Service Tariff as required by 52 Pa. Code §5.22(a)(4).

PECO's Preliminary Objections contained a Notice to Plead, requiring Complainant to file a response within ten days of service. Complainant did not file a response to PECO's Preliminary Objections.

On January 9, 2023, the Commission issued a Motion Judge Assignment Notice, assigning this proceeding to me.

On February 9, 2023, I issued an Order denying PECO's Preliminary Objections and directing the Complainant to file an amendment to his Complaint by no later than February 28, 2023. The amended complaint was to include more details regarding the nature of Mr. Hickson's dispute with PECO and state with specificity what he would like the Commission to do to resolve his dispute. Additionally, the Order specified that, if the Complainant failed to comply with this Order, PECO could file an appropriate motion to seek dismissal of the Complaint.

The Complainant failed to amend his Complaint by the set deadline.

On March 2, 2023, PECO filed a Motion to Dismiss Mr. Hickson's present Complaint pursuant to 52 Pa. Code § 5.102 (Motion). The Motion was accompanied by a Notice

2

to Plead. The Complainant failed to file a response to the Motion by March 22, 2023.[1] To this date, there has been no communication from Mr. Hickson regarding this Complaint.

PECO's Motion is procedurally ready to be ruled upon.

FINDINGS OF FACT

1. On November 14, 2022, Michael Hickson filed a Formal Complaint with the Commission against PECO.

2. In lieu of stating the reason(s) for filing the Complaint against PECO, Mr. Hickson attached a copy of a pleading filed with the United States District Court, Eastern District of Pennsylvania, alleging a violation of the Commerce Clause and of the Seventh Amendment to the United States Constitution. See Complaint ¶ 4.

3. As relief, Complainant requested that the Commission "Address open case # 22-CV-2053." Complaint ¶ 5.

4. On December 6, 2022, PECO filed an Answer along with Preliminary Objections seeking to dismiss the Complaint against PECO for lack of Commission jurisdiction because the Complainant fails to set forth a violation by PECO of either the Public Utility Code, the regulations of the Commission or PECO's Electric Service Tariff as required by 52 Pa. Code §5.22(a)(4).

5. PECO's Preliminary Objections contained a Notice to Plead, requiring Complainant to file a response within ten days of service.

6. Complainant did not file a response to PECO's Preliminary Objections.

---

[1] Pursuant to 52 Pa.Code § 5.102(b), an answer to a motion for judgment on the pleadings or summary judgment, including an opposing affidavit or verification to a motion for summary judgment, may be filed within 20 days of the date of service of the motion.

3

7. An Order dated February 9, 2023, denied PECO's Preliminary Objections and directed the Complainant to file an amendment to his Complaint by no later than February 28, 2023.

8. The Complainant failed to amend his Complaint by the set deadline.

9. On March 2, 2023, PECO filed a Motion seeking to dismiss Mr. Hickson's present Complaint pursuant to 52 Pa. Code § 5.102, along with a Notice to Plead.

10. The Complainant failed to file a response to the Motion by March 22, 2023.

11. To this date, there has been no communication from Mr. Hickson regarding his Complaint.

DISCUSSION

The Commission's Rules of Practice and Procedure at 52 Pa. Code § 5.102 govern motions for judgment on the pleadings and summary judgements. PECO's Motion to Dismiss Mr. Hickson's Complaint, filed pursuant to the provisions of 52 Pa. Code § 5.102, can be properly construed as a motion for judgement on the pleadings and will be treated as such in this decision. Generally, on a motion for judgement on the pleadings the moving party bears a heavy burden of showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law.

The Commission must view the record in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences. *First Mortg. Co. of Pa. v. McCall*, 459 A.2d 406 (Pa. Super. 1983); *Mertz v. Lakatos*, 381 A.2d 497 (Pa. Cmwlth. 1978). It must accept as true all well pleaded statements of fact of the non-moving party and consider only those facts that the non-moving party specifically admits. *Weik v. Estate of Brown*, 794 A.2d 907 (Pa. Super. 2002). All doubts as to the existence of a genuine issue of material fact

4

must be resolved against the moving party. *Thomson Coal Co. v. Pike Coal Co.*, 412 A.2d 466 (Pa. 1979).

The Commission will grant a motion for judgment on the pleadings if the pleadings show there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. Only in a case where the moving party's right to prevail is so clear that a trial would be a fruitless exercise should judgment on the pleadings be granted. *Williams v. Lewis*, 466 A.2d 682 (Pa. Super. 1983); *Serv. Emps. Int'l Union, Local 69, AFL-CIO v. Peoples Nat. Gas Co.*, Docket No. C-20028539 (Opinion and Order entered Dec. 19, 2003). Judgment on the pleadings should be entered only when the case is clear and free from doubt. *Reuben v. O'Brien*, 496 A.2d 913 (Pa. Super. 1985).

In addition, Section 703 of the Public Utility Code, 66 Pa.C.S. § 703(b), provides that the Commission may dismiss any complaint without a hearing if, in its opinion, a hearing is not necessary in the public interest. In this case, a hearing is not needed.

As noted in the February 9, 2023, Order, the Commission's regulations at 52 Pa. Code § 5.22(a)(5)-(6) (regarding the content of a formal complaint filed with the Commission) require that the Complaint include among other things:

> (5) A clear and concise statement of the act or omission being complained of including the result of any informal complaint or informal investigation.
> (6) A clear and concise statement of the relief sought.

52 Pa. Code § 5.22(a)(5)-(6). Mr. Hickson's Complaint fails to conform to the Commission's requirements because the Complainant does not provide any detail regarding the reason for the Complaint. There is no clear and concise statement of the act or omission being complained of, apart from a brief reference to an attached document, which appears to be a copy of a pleading filed with the United States District Court, Eastern District of Pennsylvania, alleging a violation of the Commerce Clause and of the Seventh Amendment to the United States Constitution. Nor does Mr. Hickson explain in his Complaint what relief he wants from the Commission other than

5

to request that the Commission "[a]ddress the open case # 22-CV-2053," which is the case pending before the federal district court for the Eastern District of Pennsylvania.

Because Mr. Hickson's Complaint is devoid of details, PECO was deprived of the opportunity to understand and respond in a meaningful way to the Formal Complaint. The Respondent was left to speculate as to the reason for the Complaint and the relief that the Complainant is seeking. However, acknowledging the fact that the Complainant is self-represented in this matter, the February 9, 2023, Order denied PECO's Preliminary Objections and, directed the Complainant to file a more specific pleading by no later than February 28, 2023.[2] In the event that the Complainant failed to file an amended complaint, the Order allowed PECO to file an appropriate motion to seek dismissal of the Complaint.

The Complainant did not file an amended complaint as instructed by the February 9, 2023, Order. Failure to comply with an order issued by a presiding officer warrants dismissal of the complaint. *Snyderville Cmty. Dev. Corp. v. Phila. Gas Works*, Docket No. C-20055032, (Opinion and Order entered July 31, 2006) (citing *Treffinger v. PPL Elec. Utils. Corp.*, C-20027978 (Opinion and Order entered Mar. 3, 2003)) (The Commission held that "[a]n ALJ's Orders must be complied with, and such a lack of compliance presents a sufficient basis to dismiss the Complaint without a hearing."); *New Fizon Catering, Inc. v. PECO Energy Co.*, Docket No. C-2008-2065498 (Opinion and Order entered June 24, 2009). More importantly, in its current state, Mr. Hickson's Complaint fails to allege with any degree of specificity any violation of the Public Utility Code, the Commission's regulations, or an outstanding order of the Commission. See, 66 Pa.C.S. §701. By not amending his Complaint, Mr. Hickson continues to deprive PECO of the opportunity to understand and respond to the Complaint in a meaningful way.

At best, Mr. Hickson's reference to "case # 22-CV-2053" and the pleading filed with the United States District Court, Eastern District of Pennsylvania, alleges a violation of the

---

[2] The Commission's rules of procedure permit the Commission to direct a more specific pleading. 52 Pa. Code § 5.93.

6

Commerce Clause and of the Seventh Amendment to the United States Constitution.  The Commission, however, has jurisdiction over the Public Utility Code, the Commission's regulations, or an outstanding order of the Commission.  By seeking the review of a matter that is pending before the United States District Court Eastern District of Pennsylvania, the Complainant requests that the Commission review a matter outside of its jurisdiction.

Accordingly, PECO is entitled to judgment as a matter of law as there is no genuine issue as to a material fact.  PECO's Motion for Judgment on the Pleadings is granted.  Mr. Hickson's Formal Complaint against PECO Energy Company shall be dismissed as it fails to set forth a violation by PECO of either the Public Utility Code, the regulations of the Commission or PECO's Electric Service Tariff as required by 52 Pa. Code § 5.22(a)(4).  The dismissal will be without prejudice to allow the Complainant the opportunity to cure the substantive defects of his pleading through refiling.

## CONCLUSIONS OF LAW

1. The Commission has jurisdiction over the parties and subject matter of this proceeding.  66 Pa.C.S. § 701.

2. The Commission will grant a motion for judgment on the pleadings only if the pleadings show there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law.  *Williams v. Lewis*, 466 A.2d 682 (Pa. Super. 1983); *Serv. Emps. Int'l Union, Local 69, AFL-CIO v. Peoples Nat. Gas Co.,* Docket No. C-20028539 (Opinion and Order entered Dec. 19, 2003).

3. The Commission may dismiss any complaint without a hearing if, in its opinion, a hearing is not necessary in the public interest.  66 Pa.C.S. § 703(b).

4. A formal complaint must allege an act done or omitted to be done.  52 Pa. Code § 5.21(a).

7

     5.    In this matter, there is no genuine issue of material facts and PECO Energy Company is entitled to judgment as a matter of law.  52 Pa. Code § 5.102(d)(1).

ORDER

THEREFORE,

IT IS ORDERED:

     1.    That PECO Energy Company's Motion for Judgment on the Pleadings at Docket No. F-2022-3036853 is granted.

     2.    That the Complaint of Michael Hickson in Michael Hickson v. PECO Energy Company at Docket No. F-2022-3036853 is dismissed without prejudice.

     3.    That the record at Docket No. F-2022-3036853 be marked closed.

Date:  April 24, 2023　　　　　　　　　　　　　　/s/　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　Eranda Vero
　　　　　　　　　　　　　　　　　　　　　　Administrative Law Judge