# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL HICKSON** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 25-02980 |
| | : | |
| **PECO ENERGY COMPANY,** *et al.* | : | |

**McHUGH, J.**  December 17, 2025

## MEMORANDUM

*Pro se*[1] Plaintiff Michael Hickson initiated this civil action against several defendants by filing a Complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983, unauthorized use of personal information, breaches of the federal tax code, and various state law

---

[1] On July 23, I issued a Supplemental Order striking from the record a document filed by Orlando Acosta. *See* ECF 15. Though Mr. Acosta purported to represent Mr. Hickson, this was impermissible because Mr. Acosta is not an attorney and therefore cannot represent another person in court—a fact of which he is well aware given previous admonishment by both the Third Circuit and myself. *See Miller v. Burt*, 765 F. App'x 834, 836 (3d Cir. 2019); *Miller v. Exelon*, No. 19-cv-0231, 2019 WL 952273, at *3 (E.D. Pa. Feb. 26, 2019) (McHugh, J.), *aff'd per curiam*, 775 F. App'x 37 (3d Cir. 2019). Mr. Hickson subsequently filed an exhibit consisting of a screenshot of an email from Mr. Acosta. *See* ECF 16. In the email, Mr. Acosta asserts himself as duly representing Mr. Hickson because he is "the power of attorney" or, in the alternative, because "[Mr. Hickson's] Peco account is under [Mr. Acosta's] LLC." *Id.*

As I noted in *Miller v. Exelon*, Mr. Acosta is not an attorney and therefore may not represent another person in federal court, regardless of any purported title of "power of attorney." *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) (noting that power of attorney over another person's affairs "does not permit [one] to represent [another] . . . in federal court"); *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 878 (3d Cir. 1991) (finding, in general, a plaintiff who is not an attorney may not bring claims on behalf of another in federal court).

Mr. Acosta's latter assertion is similarly misguided. Even if Mr. Hickson's PECO account is under Mr. Acosta's LLC, corporations and partnerships—including LLCs—must be represented by an attorney in federal court. *See Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam) (finding that the non-attorney president of a corporation could not represent the corporation in federal court because representatives "must be attorneys at law who have been admitted to practice"); *Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Osborn v. Bank of U.S.*, 22 U.S. 738, 745 (1824) (finding that a corporation "must always appear by attorney").

violations. *See* Compl., ECF 1. Defendants have moved to dismiss, and those motions will be granted.

## I.     Facts as pled

Mr. Hickson entered into a contract with PECO Energy Company ("PECO") for electric utility services for his Philadelphia residence in February 2022. Compl. ¶ 12. He alleges that PECO did not disclose the full terms of the contract, notably that PECO would use customers' personal information for commercial purposes. *Id.* ¶¶ 13–15. Additionally, Mr. Hickson claims that PECO failed to obtain his signature "on the required SSA form" in violation of federal privacy law. *Id.* ¶¶ 17–18. He quickly became overdue on his utility bill and received a shut-off notice on May 24, 2022 due to his balance of $1,077.32. *See id.* ¶¶ 31–32. Mr. Hickson alleges that he was enrolled in PECO's Customer Assistance Program as of March 2022 and claims his enrollment should have prevented any collection activity by PECO. *See id.* ¶¶ 19–21, 33. The Complaint also alleges that PECO and its parent company, Exelon, take customer funds and donate them to nonprofits including Natural Lands, instead of using funds to assist low-income and elderly customers like Mr. Hickson. *See id.* ¶¶ 25–29.

On June 9, 2025, Mr. Hickson initiated this action against PECO, Exelon Corporation ("Exelon"), Exelon Foundation, RockCreek Group, Community Impact Capital Fund ("CICF"),[2] former PECO officer Patrick Noonan, Natural Lands, Pennsylvania Public Utility Commission ("PUC"), former PUC Commissioner and Chair Gladys Brown Dutrieville, former Governor Tom Wolf and his successor, and former Mayor Jim Kenney and his successor. *See* Compl. ¶¶ 1–11.

---

[2] The Complaint names "The Rock Creek Group/Community Impact Capital Fund" as a single entity. *See* Compl. ¶ 6. Defendants assert that these are separate entities, and that the former's name is "RockCreek Group". *See* Private Defs.' Mot. to Dismiss 1 n.2, ECF 22-1. I will refer to them accordingly.

Mr. Hickson's claims and causes of action are difficult to parse; I will address each in the sections that follow. His request for relief includes $10,000,000 in monetary damages as well as compensatory and punitive damages, preliminary and permanent injunctions against Defendants, an order commanding PECO to disclose all usage of Mr. Hickson's personal information, and an order commanding PECO and Exelon to comply with "applicable federal tax requirements." *Id.* at 6–7.

Mr. Hickson lists the following claims in his Complaint: violations of the Commerce Clause and contract rights against PECO and Exelon for failure to fully disclose contract terms (Count I); violation of his Seventh Amendment right to trial by jury against all Defendants for pursuit of collection activities without affording due process (Count II); violations of nonprofit tax-exempt status against Exelon Foundation, CICF, and Natural Lands, and private inurement against those Defendants as well as PECO and Exelon for "divert[ing]" customer funds to nonprofits (Count III); corporate malfeasance and improper profit distribution against PECO for failing to obtain consent before "commercializing customer personal information" (Count IV); Unrelated Business Income Tax (UBIT) violations against PECO and Exelon for failure to report and pay taxes on the sale of customer information (Count V); violations of federal privacy rights and unauthorized commercial exploitation of personal information against PECO for using his Social Security Number without consent (Count VI); and, "civil rights violations" pursuant to 42 U.S.C. § 1983 against "individual Defendants" for deprivation of federal rights (Count VII).

All Defendants have moved to dismiss, forming three groups: Commonwealth Defendants (PUC, Brown Dutrieville, former Governor Wolf, and Governor Josh Shapiro), City Defendants (former Mayor Kenney and Mayor Charelle Parker), and Private Defendants (PECO, Exelon, Exelon Foundation, RockCreek Group, CICF, Patrick Noonan, and Natural Lands). *See* ECF 19,

ECF 20, ECF 22. Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, as well as under Rule 12(b)(6) for failure to state a claim. *See* Priv. Defs.' Mot. to Dismiss 10–11, ECF 22-1; Commw. Defs.' Mot. to Dismiss 3, ECF 19.

Plaintiff was granted an extension until December 13, 2025, to respond to the motions, ECF 25, but has not done so.

## II. Standard of Review

A facial challenge under Rule 12(b)(1) contests "subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (cleaned up). The same standard applies under Rule 12(b)(6), as set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Because Mr. Hickson is proceeding *pro se*, I construe his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

## III. Discussion

### A. Federal claims brought under § 1983

Mr. Hickson appears to allege two constitutional claims under 42 U.S.C. § 1983, one under the Commerce Clause, and one under the Seventh Amendment. As an initial matter, to state a claim under § 1983, a plaintiff must show that an alleged deprivation of a constitutional right "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42,

48 (1988). Necessarily therefore, the claims lack validity as to the Private Defendants.[3] As to the governmental officials sued, the claims are untimely.

The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state in which the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Mr. Hickson's claims concern events occurring between February and May 2022 and he filed the Complaint on June 9, 2025. This is well beyond the two-year period and the Complaint is thus untimely on its face. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."). Mr. Hickson's other federal claims brought pursuant to § 1983 are therefore also untimely.

I will therefore grant Defendants' motions to dismiss the Commerce Clause claims embodied in Count I, as well as Count II and Count VII, and do so with prejudice because any

---

[3] Mr. Hickson does not explicitly cite § 1983 as a vehicle to sue PECO, Exelon, Exelon Foundation, RockCreek Group, CICF, Patrick Noonan, and Natural Lands for violation of federal rights, yet this is the only reasonable inference from his Complaint. To the extent that he brings claims against these Defendants pursuant to § 1983, such claims are impermissible insofar as Mr. Hickson fails to allege that these private actors are transformed into state actors by any actions they may have taken under color of state law, as § 1983 requires. *See Leshko v. Servis*, 423 F.3d 337, 340 (3d. Cir 2005) (concluding that a private party undertaking "an activity that is significantly encouraged by the state or in which the state acts as a joint participant" is a state actor under § 1983).

Courts have repeatedly held that PECO is not a state actor. *See, e.g.*, *Zapata v. PECO*, No. 17-3699, 2017 U.S. Dist. LEXIS 148949, at *5 (E.D. Pa. Sep. 13, 2017), *aff'd*, 712 F. App'x 216 (3d Cir. 2018), *cert. denied*, 586 U.S. 1156 (2019); *Guyton v. PECO*, No. 18-2547, 2018 U.S. Dist. LEXIS 231015, at *2 (E.D. Pa. Aug. 24, 2018), *aff'd*, 770 F. App'x 623 (3d Cir. 2019); *see also Jackson v. Metro. Edison Co.*, 419 U.S. 345, 358 (1974) (finding no state action where utility company "was a heavily regulated, privately owned utility . . . [and] elected to terminate service to petitioner in a manner which the Pennsylvania Public Utility Commission found permissible under state law").

amendment would be futile.  *See United States ex rel. Schumann v. AstraZeneca Pharm. LP*, 769 F.3d 837, 849 (3d Cir. 2014) (finding the court "may deny leave to amend a complaint where it is apparent . . . the amendment would be futile" (internal citations omitted)).

### B. Federal "Privacy Rights and Unauthorized Use of Personal Info" claims

Count VI contends that PECO lacked authorization to use Mr. Hickson's personal information, including his Social Security number, in violation of "federal privacy laws and regulations."  Compl. ¶¶ 57–60.  Mr. Hickson claims to have been injured by "PECO's unauthorized commercial exploitation of his personal information."  *Id.* ¶ 60.

I must construe all *pro se* allegations liberally, including applying relevant law even where the litigant fails to specifically name it.  *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002).  But "this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support."  *Shabazz v. Delaware Cnty. Prob. Dep't,* No. 25-CV-5039, 2025 WL 2936891, at *4 (E.D. Pa. Oct. 15, 2025); *see also Mala*, 704 F.3d at 245 ("*Pro se* litigants still must allege sufficient facts in their complaints to support a claim.").  A broad appeal to "federal statutory requirements" does not allow me to decipher whether there is any colorable claim under federal law.  I will therefore dismiss, without prejudice, Count VI for failure to state a claim pursuant to Rule 12(b)(6).  Plaintiff is granted 14 days within which to file an amended complaint as to this Count only, identifying specific federal statutes and explaining with plausible allegations how PECO violated a statute.  Plaintiff is reminded that the provisions of Rule 11 of the Federal Rules of Civil Procedure apply to litigants as well as lawyers.

### C. Federal tax law claims

Mr. Hickson claims in Count III that CICF, Exelon Foundation, and Natural Lands violate their nonprofit tax-exempt status by receiving "divert[ed]" customer funds from Exelon and PECO

6

while PECO "pursues aggressive collection activities against vulnerable customers." Compl. ¶¶ 42–46. In Count V he contends that PECO and Exelon "engage in commercial activities related to the sale and exploitation of customer personal information that constitute unrelated business income subject to federal taxation." *Id.* ¶¶ 52–56. Generally, there exists no private right of action to enforce the Internal Revenue Code—such enforcement is within the realm of the Internal Revenue Service ("IRS"). *See United States v. LaSalle Nat. Bank*, 437 U.S. 298, 308 (1978) ("The Secretary of the Treasury and the Commissioner of Internal Revenue are charged with the responsibility of administering and enforcing the Internal Revenue Code."); *see also Brodsky v. Carter*, No. 15-CV-3469, 2015 U.S. Dist. LEXIS 169104, at *39 (S.D.N.Y. Dec. 15, 2015) (finding no private right of action for "unrelated business income" claims).

Counts III and V are therefore dismissed with prejudice, as amendment would be futile.

**D. State law claims**

To the extent that the remaining claims—violation of contract rights, corporate malfeasance, and improper profit distribution in Counts I and IV—might be construed as an attempt to invoke state law, *see* Compl. ¶¶ 35–38, 47–51, I decline to exercise supplemental jurisdiction. Nor is there diversity jurisdiction, as several defendants, like Mr. Hickson, are citizens of Pennsylvania, and under the diversity statute "no plaintiff [may] be a citizen of the same state as any defendant." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quotation omitted).

## IV.     Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss will be granted. An appropriate order follows.

 /s/ Gerald Austin McHugh  
United States District Judge