# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL HICKSON** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 25-2980 |
| | : | |
| **PECO ENERGY COMPANY,** *et al.* | : | |

**McHUGH, J.**                                                                                                                          **January 8, 2026**

## **MEMORANDUM**

      This is a *pro se* action raising a panoply of claims arising out of plaintiff Michael Hickson's disputes with his electrical utility company. Various motions to dismiss were granted on December 17th, 2025, with Plaintiff given leave to amend only Count VI of his complaint, which vaguely alleged violations of federal privacy law. Mr. Hickson now moves for reconsideration and has belatedly docketed responses to all the motions previously filed.

      The motion first contends that the Court unfairly ruled against him on procedural grounds, without consideration of the merits, denying him due process. Not so. As a preliminary matter, Plaintiff was in fact granted an extension of time within which to respond to the pending motions to dismiss. ECF 25. He did not respond within the time allotted. Nonetheless, as required, the Court engaged in a substantive analysis of all the claims that Mr. Hickson raised, finding merit in none, and granted him leave to amend to restate his claim of an alleged invasion of his right to privacy. In short, there was no denial of due process.

      Because Plaintiff was given ample opportunity to respond but failed to comply with the deadline imposed by the order granting an extension, and because the merits were fully considered, there is no legal or equitable basis on which to grant reconsideration. I have, nonetheless, in consideration of Mr. Hickson's *pro se* status, reviewed the three late responses he recently

docketed.  *See* ECF 29, 30, and 31.  Nothing set forth in those responses calls into question the validity of the analyses set forth in my previous memorandum.  ECF 26.  Nor does anything in those responses suggest that granting leave to amend would be anything but futile.

As noted above, the order of dismissal granted leave to amend Count VI.  Mr. Hickson has not complied with the terms of that order.  He has, however, within the body of his motion for reconsideration, identified the federal statutes he seeks to invoke: the Privacy Act, 5 U.S.C. § 552a, and the Gramm-Leach-Biley Act. 15 U.S.C. §§ 6801-6809.  As to the former, it applies only to executive agencies of the federal government.  As to the latter, although Defendant Philadelphia Electric Company may have obligations under the Act, it does not provide a private right of action.  *Miller v. Navy Fed. Credit Union,* No. 23-CV-1910, 2023 WL 4629648, at *4 (E.D. Pa. July 18, 2023);  *see also Ishmael v. GM Fin. Inc.*, No. 22-CV-1095, 2022 WL 2073821, at *2 (E.D. Pa. June 9, 2022); *USAA Fed. Sav. Bank v. PLS Fin. Servs., Inc.*, 340 F. Supp. 3d 721, 726 (N.D. Ill. 2018) (citing cases).  Mr. Hickson also invokes constitutional privacy rights, but these would not supply a basis for a claim against PECO, a private entity.  Finally, he cites Pennsylvania common law on invasion of privacy, but there is no diversity jurisdiction here and, in the absence of any viable federal claim, no basis for supplemental jurisdiction.  I am therefore satisfied that any further attempt to state a claim for violation of federal privacy law would be futile and Count VI will therefore be dismissed without leave to amend.

An appropriate order follows.

   /s/ Gerald Austin McHugh   
United States District Judge