# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA





U.S.C.A. 3rd CIRCUIT

MICHAEL HICKSON,

        Plaintiff,

     v.

                            CIVIL ACTION

                            NO. 25-2980

PECO ENERGY COMPANY, et al.,

        Defendants.

**REC'D MAY 27 2026**

## EMERGENCY MOTION FOR STAY PENDING APPEAL

TO THE HONORABLE COURT:

Plaintiff Michael Hickson, pro se, respectfully requests an emergency stay to prevent PECO Energy Company from shutting off his electricity while his appeal is pending in the Third Circuit (Case No. 26-1133). PECO has issued a shutoff notice for April 29, 2026.

### I. THE EMERGENCY

On April 21, 2026, PECO sent Plaintiff a shutoff notice threatening to terminate his electric service on or after April 29, 2026. This will happen while Plaintiff's appeal is pending.

EMERGENCY MOTION FOR STAY PENDING APPEAL - 1

Without electricity, Plaintiff cannot:

• Heat or cool his home

• Preserve food

• Operate lights, phone, or computer

• Prepare his appellate brief

• Function in modern society

Losing electricity is irreparable harm that cannot be fixed by money damages later. Courts have consistently recognized this. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 18 n.14 (1978) (utility shutoff is "near mortal blow" to customers).

More importantly, this shutoff is the exact conduct Plaintiff sued about. His Complaint specifically asked for "injunctive relief prohibiting Defendants from continuing their unlawful conduct," including shutoffs. If PECO shuts off service now, part of the appeal becomes moot even if Plaintiff wins.

II. PLAINTIFF WILL LIKELY WIN THE APPEAL

Plaintiff has strong grounds for reversal on appeal:

A. This Court Ignored Third Circuit Precedent on Ex Parte Young

This Court dismissed all claims against the Pennsylvania Public Utility Commission and state officials based on Eleventh Amendment immunity. But the Third Circuit has already ruled that you CAN sue PUC officials for injunctive relief under Ex parte Young.

In MCI Telecommunications Corp. v. Bell Atlantic Pa., 271 F.3d 491, 504 (3d Cir. 2001), the Third Circuit held:

**EMERGENCY MOTION FOR STAY PENDING APPEAL - 2**

"The Young doctrine permits federal jurisdiction when a plaintiff seeks prospective injunctive relief against a state official to remedy an ongoing violation of federal law."

The Third Circuit specifically said PUC officials can be sued for this type of relief. This Court's December 17, 2025 Order never mentioned Ex parte Young or MCI Telecommunications. It just dismissed everything based on immunity without distinguishing between:

• Money damages (which might be barred), and

• Injunctive relief (which is NOT barred under Ex parte Young)

This is reversible error. The Third Circuit will reverse on this ground alone.

B. This Court Wrongly Dismissed Individual Capacity Claims

This Court also dismissed Plaintiff's individual capacity claims against state officials based on Eleventh Amendment immunity. But the Supreme Court is crystal clear: individual capacity claims are NOT barred by the Eleventh Amendment.

"State officials, sued in their individual capacities, are 'persons' within the meaning of § 1983... [The Eleventh Amendment] does not bar such suits against state officers acting in their individual capacities."

Hafer v. Melo, 502 U.S. 21, 27-30 (1991).

Plaintiff's Complaint explicitly sued defendants "individually and in official capacity." This Court's dismissal violated black-letter Supreme Court law. Second ground for reversal.

C. This Court Denied Plaintiff the Right to Amend

EMERGENCY MOTION FOR STAY PENDING APPEAL - 3

The Third Circuit requires district courts to let pro se plaintiffs amend their complaints before dismissing with prejudice:

"We have instructed the district courts of this Circuit to provide a plaintiff with leave to amend before dismissing a complaint that is merely deficient... This is especially true when the plaintiff is proceeding pro se."

Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

This Court dismissed Counts II, III, V, and VII with prejudice without any chance to amend. The Court gave Plaintiff only 14 days over Christmas to amend one count. This violated Third Circuit precedent. Third ground for reversal.

Summary: Plaintiff has at least three strong grounds for reversal. These aren't close calls—they're clear legal errors where this Court failed to follow binding Supreme Court and Third Circuit precedent.

III. THE FOUR-FACTOR TEST FAVORS A STAY

Courts grant stays pending appeal when:

1. The appeal has a good chance of success

2. Plaintiff will suffer irreparable harm without the stay

3. A stay won't substantially harm the other side

4. The public interest favors a stay

All four factors favor Plaintiff.

Factor 1 - Likelihood of Success: STRONG

**EMERGENCY MOTION FOR STAY PENDING APPEAL - 4**

As shown above, this Court made at least three clear legal errors. The Third Circuit will likely reverse on one or more grounds.

Factor 2 - Irreparable Harm to Plaintiff: YES

• Loss of electricity is irreparable harm (Supreme Court in Memphis Light)

• Cannot heat/cool home, preserve food, or live normally

• Cannot prepare appellate brief without electricity

• Money damages later cannot fix this

• The shutoff will partially moot the appeal

Factor 3 - Harm to PECO: MINIMAL

• PECO only has to wait a few months to collect the debt

• If Plaintiff loses the appeal, PECO gets paid with interest

• A few months delay doesn't hurt a large utility company

• Plaintiff offers to make monthly payments as condition of stay

Factor 4 - Public Interest: FAVORS STAY

• Pro se civil rights plaintiffs deserve meaningful appellate review

• Pennsylvania has strong policies protecting utility customers

• If appeal succeeds and shutoff was wrong, it will have violated state policy

• Important legal questions should be decided on merits, not mooted

IV. PECO WON'T BE HARMED

PECO only wants to collect money. That's not irreparable harm. As the Supreme Court said: "Mere injuries, however substantial, in terms of money... are not enough" to constitute irreparable harm. Sampson v. Murray, 415 U.S. 61, 90 (1974).

**EMERGENCY MOTION FOR STAY PENDING APPEAL - 5**

The difference is simple:

• Plaintiff loses electricity = irreparable (can't be fixed with money)

• PECO waits for payment = not irreparable (gets paid later with interest)

Plus, Plaintiff will make monthly payments during the appeal as a condition of the stay. This protects PECO's interests.

V. WHAT PLAINTIFF REQUESTS

Plaintiff asks the Court to:

1. Stay PECO from shutting off electricity at 6604 North 12th Street, Philadelphia, PA 19126 until the Third Circuit decides the appeal;

2. As a condition, require Plaintiff to make reasonable monthly payments (Plaintiff suggests $[amount you can afford] per month);

3. Waive any bond requirement because Plaintiff is indigent pro se, or set a nominal bond;

4. Rule on this motion before April 29, 2026 when the shutoff is scheduled; and

5. Grant any other relief the Court thinks is fair.

VI. CONCLUSION

**EMERGENCY MOTION FOR STAY PENDING APPEAL - 6**

This is straightforward:

• Plaintiff has strong legal arguments on appeal (three separate grounds for reversal)

• Plaintiff will suffer irreparable harm if electricity is shut off

• PECO will only be delayed in collecting a debt, and can be paid with interest

• Plaintiff will make monthly payments during the appeal

• The law and fairness both favor granting the stay

Without this stay, Plaintiff loses his home electricity while pursuing an appeal that will likely succeed. That's exactly what the stay pending appeal procedure is designed to prevent.

The Court should grant the stay.

Respectfully submitted,

MICHAEL HICKSON

6604 North 12th Street

Philadelphia, PA 19126

(267) 275-3920

mikalh47@gmail.com

Pro Se Plaintiff

Dated: April 23, 2026

EMERGENCY MOTION FOR STAY PENDING APPEAL - 7

0112

# TEN DAY SHUT OFF NOTICE
## (AVISO DE SUSPENSION DE SERVICIO EN 10 DIAS)

| | | | |
|---|---|---|---|
| Account Number: | 0331068000 | Past Due Amt: | $13,147.75 |
| For Service To: | 6604 N 12th St | New Billing: | $0.00 |
| Date Prepared: | April 15, 2026 | Total Amount: | $13,147.75 |

**Your Electric/Gas Service May Be Shut Off!**
Because your bill is past due, we will shut off the service to 6604 N 12th St on or after 8:00 a.m. on April 29, 2026. If this date is a Friday, the service shut off will occur on, or soon after, the next business day.

**We will NOT shut off your electric/gas service if you do ONE of the following:**
- **Pay $13,147.75 in full before April 29, 2026,** this includes any amount you owe on your payment plan. This notice is effective for 60 days.
- Pay the catch up amount on your agreement if it has defaulted. Call 1-888-480-1533 for the amount.
- Show us a paid receipt for the past due amount.
- You may be eligible for a payment agreement or special assistance programs, such as CAP (Customer Assistance Program), which may stop the termination of your service and/or include arrearage forgiveness.
- Call 1-888-480-1533 right away to determine if you are eligible for a payment agreement or assistance, to dispute your bill or to provide us with household income or occupant information.
- **To talk about your bill, please call our office at 1-888-480-1533.**

**WE MUST RECEIVE YOUR PAYMENT BEFORE THE SHUT-OFF DATE.**
**WE WILL NOT ACCEPT PAYMENTS AT YOUR PROPERTY.**

**If we shut off your electric/gas service, you may have to pay all of the following before we can turn service on:**
- **Past Due Amount of** $13,147.75
- **Deposit Past Due Amount of** $0.00
- **Agreement Unbilled Balance** $0.00
- **Total** $13,147.75*

*If your service is shut off, you may be required to pay any additional bills that have become past due to restore your service.

**If your service is shut off, you may have to make substantial payments in order to have your service restored. In addition to any balance owed, you will have to pay a Reconnection Charge of between $20.00 and $1,700.00. This fee amount is set by PECO's tariff and based on how much work is needed to restore your service. You may also be required to pay a deposit equal to two times your average monthly usage.

---

### MEDICAL EMERGENCY NOTICE

Let us know if you or anyone presently and normally living in your home is seriously ill. **WE WILL NOT SHUT OFF YOUR SERVICE** during such an illness provided you:

**1. Have your licensed physician, nurse practitioner or physician assistant certify by phone and in writing that such an illness exists and that it may be aggravated if your service is shut off, phone certification must be followed by written certification within 7 days.**
'AND'
**2. Make some equitable arrangement to pay the company your current bills for service.**

---

IMPORTANT TO KNOW
Before we shut off your utility service please read the back of this notice. You may be eligible for certain protections from shut off.

¡Atención! Este es un mensaje muy importante. Si usted no lo entiende, favor de llamar a 1-888-480-1533.

Send payment in the enclosed envelope or pay your bill at an authorized payment location. To pay by credit card or check by phone, call 1-877-432-9384. The service provider will charge a convenience fee.

See other side for more information

## CERTIFICATE OF SERVICE

| Case: 25-CV-02980 | Court: Eastern District of Pennsylvania | County: Philadelphia, PA | Job: 15749302 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Michael Hickson | | **Defendant / Respondent:** Peco Energy Company, et als. | |
| **Received by:** Legal Errands, Inc. | | **For:** Michael Hickson, pro se | |
| **To be served upon:** All Parties | | | |

I, Joseph O'Donovan, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Diane P. Cortes, Esquire, 2222 Market St., Philadelphia, PA
Katherine Helen Monks, Esquire, 2222 Market St., Philadelphia, PA
Adrienne Box, Esquire, 1600 Arch St., Suite 300, Philadelphia, PA 19103
Michael Wu-Kung Pfautz, Esquire, 1515 Arch St., 15th Floor, Philadelphia, PA 19103
Catherine Baldwin, Esquire, Assistant City Solicitor, 1515 Arch St., 14th Fl., Philadelphia, PA 19102

**Manner of Service:**   Email and USPS 1st Class Mail, April 24, 2026 @ 11:00 AM

**Documents:**   Emergency Motion For Stay Pending Appeal

**Additional Comments:**
1) Successful Attempt: April 24, 2026 @ 11:00 am EST, sent to above parties.
By Email and USPS First Class Mail

RECEIVED
APR 3 0 2026
U.S.C.A. 3rd. CIR

_____     04/24/2026
Joseph O'Donovan     **Date**

Legal Errands, Inc.
1200 Lincoln Ave, Suite D
Prospect Park, PA 19076
215-751-1124